THOMSON–HOUSTON ELECTRIC CO. et al. v. NASSAU ELECTRIC R. CO. et al.

(Circuit Court, E. D. New York. June 4, 1901.)

PATENTS—SUIT FOR INFRINGEMENT—REOPENING TO ADMIT NEW EVIDENCE OF ANTICIPATION.

Where the existence of a foreign patent, alleged to anticipate the invention of complainant, is not discovered by defendant until after the close of a long and expensive litigation in which the validity of complainant's patent has been sustained, and it only remains to enter a decree to that effect, but defendant has not been guilty of laches, and such foreign patent appears to be important and relevant to the issue, the court may reopen the case to allow it to be pleaded in defense, but will only do so on terms, as to the payment of costs and expenses, which will practically place the complainant in the same position it would have occupied had such patent been pleaded at the commencement of the litigation.

In Equity. Suit for infringement of patent. On motion to reopen case.

Betts, Betts, Sheffield & Betts (Frederic H. Betts and Samuel R. Betts, of counsel), for complainants.

Harding & Harding (George J. Harding and Richard Eyre, of counsel), for defendants.

THOMAS, District Judge. After an extended and expensive litigation in this and other courts, it has been determined that the complainants were entitled to enjoin others from infringing certain letters patent. Before the entry of such decree in this court the defendants made application to reopen the case upon the ground that a certain patent issued by the government of Austria was an anticipation of the complainants' main invention. The existence of such Austrian patent seems to have been absolutely unknown and without influence upon the complainants' alleged invention, and, notwithstanding most earnest and extended investigation by the defendants and persons acting in their behalf, the existence of such patent was not discovered until shortly before the present motion. The defendants ask that they may be allowed to set up and use such patent to

defeat the results of the long and expensive struggle in this suit, when in fact such patent should have been pleaded at the very out-start of the litigation, when, if as effective as now claimed by the defendants, it would have decided at once the complainants' status. Notwithstanding the very great hardship which must result to the complainants from allowing this patent to be pleaded, it is felt that it is so important and relevant to the issue that the application cannot be justly denied; but the complainants must be placed in the position in which they were at the time when the patent should have been interposed as a defense. Therefore the motion to reopen the case and amend the answer by setting up such patent is granted, provided the defendants shall give a bond in the sum of $50,000, conditioned for the payment to the complainants of all moneys expended, whether taxable or otherwise, in the conduct of this suit, to the present time, including all counsel fees paid to the complainants' solicitors, attorneys, and counselors, and all fees and sums paid to experts, and all other necessary expenditure, which payment shall be made in case it shall be decided finally by this or any other court in this action that the complainants are not entitled to recover by reason of the Austrian patent which is now sought to be set up as a defense; and provided, further, that the defendants shall, within 30 days after the filing of this decision, pay to the complainants the sum of $2,500 counsel fees, and stipulate to pay all the expenses of taking the evidence, both of the complainants and defendants, relevant or made relevant by reason of the answer amended as above, which counsel fees and expenses shall be independent of the sum secured to be paid by the bond. The particular form of the order to be entered herein and the form of bond will be settled with the court upon the application of the parties.