BARBER v. OTIS MOTOR SALES CO.

(District Court, N. D. New York.   November 1, 1917.)

PATENTS ⬅324(6)—SUIT FOR INFRINGEMENT—REHEARING AFTER AFFIRMANCE.
   Where, after a decree finding validity and infringement of a patent has been affirmed by the Circuit Court of Appeals, and a mandate sent down on which an interlocutory decree has been entered, another District Court, on additional evidence of the prior art, held the patent not infringed by the same structure, the first court, in the interest of uniformity of decision, may properly request the Circuit Court of Appeals to recall its mandate and return the record, that the District Court may be reinvested with jurisdiction to set aside its decree, receive additional evidence, and reconsider the case; but where the new evidence offered is not newly discovered, in such sense as would entitle defendant to a new trial

at law, but should have been discovered and produced on the hearing, such action will be taken only on condition that defendant pays the expenses unnecessarily incurred, including counsel fees to complainant.

In Equity. Suit by William Barber against the Otis Motor Sales Company. Application for a request to the Circuit Court of Appeals to recall its mandate, and for a rehearing. Granted on conditions.

For prior opinion, see 231 Fed. 755.

This is an application to this court for an order opening and vacating the decree entered herein by this court pursuant to the mandate of the Circuit Court of Appeals, Second Circuit (240 Fed. 723, 153 C. C. A. 521), affirming the decision of this court, and the interlocutory decree entered thereon, to the effect that claims 8 and 9 of the patent issued to William Barber, assignor to Ada S. Barber, No. 781,802, dated February 7, 1905, and applied for February 24, 1902, were valid and infringed by the defendant, and also for the making of a request by this court to the Circuit Court of Appeals to recall its mandate, all to the end that this court may be at liberty to make an order reopening the case and allowing the introduction of new and additional evidence, bearing not only on the validity of the claims of the patent in issue but on the question of infringement, notwithstanding the affirmance by the Circuit Court of Appeals of the prior decision of this court and the entry of a decree pursuant thereto.

Wetmore & Jenner, of New York City, for the motion.

Fred F. Weiss, of New York City (Samuel E. Darby, of New York City, of counsel), opposed.

RAY, District Judge (after stating the facts as above). This application is based on alleged newly discovered evidence bearing on the question of the validity of the claims in issue of the patent in suit and on the question of infringement as well, and which alleged newly discovered evidence consists of a large number of patents, the most of which constitute what is commonly known in patent litigation as the prior art. The application is also based upon the decision of Judge Hazel (245 Fed. 938) in a suit upon the same patent, and one of the claims in issue, wherein William Barber was plaintiff and Reo Motor Car Company of New York, Incorporated, was defendant, and in which suit, pending and tried in the Southern district of New York, Judge Hazel decided that conceding validity to the claim in issue before him there was no infringement. As I read Judge Hazel's opinion he in fact holds that the claim, in view of the prior art, is invalid. Judge Hazel's decision rests upon the patents referred to alleged to constitute newly discovered evidence, and which patents were not before this court when it decided this case against the Otis Motor Sales Company, and were not before the Circuit Court of Appeals when it affirmed the interlocutory judgment and decree of this court, and later on motion of the defendant denied a reargument.

This suit was instituted in May, 1915, and was brought to a final hearing in November or December of that year, and was decided by this court March 31, 1916, and a decree for the complainant to the effect above stated was duly entered April 8, 1916 (D. C.) 231 Fed. 755. It was referred to Charles W. Higgison, of Utica, N. Y., as special master, to fix the gains, profits, etc., and it was after or at about the time that the complainant had completed its proofs on such

reference that application was made to stay further proceedings in such accounting, to the end that appropriate application might be made to the court to reopen the proofs on the ground of such newly discovered or newly produced prior patents. In the meantime the appeal referred to, to the Circuit Court of Appeals, had been taken, and the decision of affirmance rendered. The decision of the Circuit Court of Appeals was rendered in December, 1916 (240 Fed. 723, 153 C. C. A. 521), and a rehearing was denied by that court in January, 1917, whereupon the accounting referred to proceeded.

There is a Reo Motor Car Company, which is a Michigan corporation having its principal place of business at Lansing, Mich., and this corporation manufactures the alleged infringing devices. That corporation is the real defendant in all these litigations, and in this suit on the trial it openly avowed in court that it was back of the defense, and in fact defending the suit. It is probable, from the condition of the record, that the Michigan corporation would be bound by any final decree in this suit. At least, this is the contention of the complainant here. The Reo Motor Car Company of New York, Incorporated, is a dealer in or sales agent in New York for the motor cars carrying the alleged infringing device manufactured by the Reo Motor Car Company of Michigan. The case referred to before Judge Hazel was at issue early in 1917, or before, and the trial and argument was had in March, 1917. In that suit the alleged newly discovered patents were set up and had been discovered before issue was joined in that case. In April, 1917, the defendant in this suit moved this court for an order staying further proceedings before the special master on the accounting; the avowed object on the hearing being to obtain a reopening of this suit in case Judge Hazel should decide on such patents that the claims in suit in that case, as well as in this case, were invalid, one or both, or that, if found valid, there was no infringement. No application was then made to this court, or to the Circuit Court of Appeals, looking to a reopening of the decrees in this suit and the introduction in evidence of such alleged prior patents, which were before Judge Hazel, but which had not been put in evidence in this case. By common consent further proceedings on the accounting were suspended without the entry of any formal order to that effect.

Following the handing down of the decision by Judge Hazel in the suit against Reo Motor Car Company of New York, Incorporated, and following the argument of the application for a stay of the accounting made to this court the attention of the present counsel for Otis Motor Sales Company was called to the decision of the Circuit Court of Appeals in Sundh Electric Co. v. Cutler Hammer Mfg. Co. (Same v. General Electric Co.) 244 Fed. 163–170, where the proper procedure in a case like this is indicated. Notwithstanding that decision, the present counsel for the defendant in this suit in July or August, 1917, applied to the Circuit Court of Appeals for an order recalling its mandate and permitting the defendant to move in the District Court for the Northern District of New York to reopen this cause. August 16, 1917, that motion was denied on the ground "that

such a request should come from the district judge and not from the party." Thereupon this motion was formally made.

As I understand, when the District Court has decided an equity cause and entered a decree in accordance with its decision, and an appeal therefrom is taken to the Circuit Court of Appeals, and the record is made up and transmitted to that court and filed therein, the District Court loses jurisdiction in the case for the time being, as jurisdicion of the cause has then been transferred to the Circuit Court of Appeals. After the Circuit Court of Appeals has heard the appeal and decided the case, and sent down its mandate to the District Court in accordance with its decision, it becomes the duty of the District Court to enter a decree or judgment as the case may be in accordance with the direction of the Circuit Court of Appeals and in compliance therewith. It then resumes jurisdiction of the case for that purpose. To that end, on the coming in of the report of the special master on the accounting, its jurisdiction, not to change its decision affirmed, as in this case, by the Circuit Court of Appeals, but to enter a final decree is reinstated. In this cause this court has obeyed the instructions and mandate of the Circuit Court of Appeals and has made the judgment of that court the judgment of this the District Court. The District Court has the right in its discretion, I assume, to request the Circuit Court of Appeals to make an order permitting it to open and vacate its judgment or decree made in obedience to and in compliance with the mandate of the Circuit Court of Appeals, and also requesting the Circuit Court of Appeals to recall its mandate and vacate it and return the record to the District Court, if that be necessary, and it seems to me that it is necessary, to the end that the District Court may be at liberty to reopen the trial and hearing of the case, and receive newly discovered or additional evidence, and make a new and a different decision, if such new evidence warrants such action. All that this court can now do is to address such a request to the Circuit Court of Appeals, on being satisfied that such course will bring about a full consideration of the case and a more just decision.

The defendant in this case sells the cars containing the alleged infringing device made by the Reo Company of Michigan. This is the alleged infringement complained of. The Reo Company of New York sells the same device, and that was the infringement complained of in that suit. It would be unfortunate, I think, at least confusing, to have a decision and final decree in this suit holding the claims of the patent valid and infringed by the device in question, and another final decree in the suit tried before Judge Hazel, holding the patent either invalid or not infringed by the same device. The Barber patent and the claims in issue, especially the one finally in issue before Judge Hazel, are either valid or invalid and the device complained of made by the Reo Company of Michigan either infringes or it does not infringe and all suits involving those particular questions or the particular question of infringement ought to be in accord. This court ought not to have such pride of opinion that it is not willing, if leave is granted, to open its decree heretofore made and admit the patents

referred to, alleged prior art, and reconsider the case, and then make such decree as it thinks the facts and the law warrant and demand.

It is contended by the defendant in this suit, Otis Motor Sales Company, that this court should make the request referred to of the Circuit Court of Appeals and in so doing indicate its purpose to reopen the case and receive the alleged newly discovered and the additional evidence and reconsider the case, without the imposition of terms and without imposing as a condition the payment of counsel fees, etc., for the labor expended already in the trial of this cause and on appeal to the Circuit Court of Appeals on the record heretofore made. This contention may as well be disposed of in the very beginning.

When this suit was instituted in May, 1915, it was the duty of the defendant to carefully, systematically, and thoroughly examine the prior art as disclosed by the records in the Patent Office and otherwise and elsewhere. All or substantially all of the patents now offered and proposed to be introduced on a rehearing or retrial of this cause are in, and then were in, the United States Patent Office, and were discoverable and obtainable. There is no claim that they were hidden or concealed or in any out of the way place or places. Just why they were not then discovered does not satisfactorily appear. They were not pleaded, and were not introduced in evidence in this cause, nor in any cause, until the trial before Judge Hazel in the case against the Reo Motor Car Company of New York, Incorporated. The complainant here contends that for this reason, or these reasons, these patents do not constitute newly discovered evidence, and that the proposed action on the part of this court ought not to be taken because of the laches of the defendant in this suit in not discovering and presenting such patents. Ordinarily, and in ordinary actions at law, such would be the conclusion. The evidence was in existence, and where it ought to be, and where it naturally would be, and where all searchers would look for it. If the search had been sufficiently thorough and exhaustive, these patents would have been discovered. But they were not discovered.

I am not satisfied that this application ought to be denied, on the ground that the defendant in this suit failed to discover and present these patents, provided it is willing to pay to the complainant or his attorneys the expense the complainant has been put to in the trial of this case and on appeal to the Circuit Court of Appeals with the record in its present condition. The complainant here employed counsel at great expense, subpœnaed witnesses, and attended court on the trial and final hearing, and also employed counsel on the appeal to the Circuit Court of Appeals, and proceeded all the way through without knowledge of the defense, or claim of defense, now sought to be introduced into the case. To reopen this case, and allow the introduction of these patents at this stage, without imposing what may seem to be harsh terms on the defendant, would be grossly unjust to the complainant. After a careful examination of the record, and the proceedings heretofore had in the Circuit Court of Appeals, and the decision of Judge Hazel, and the patents sought to be introduced on a rehearing of this case, I am of opinion that the ends of justice

will be best served by making the request to and asking the permission of the Circuit Court of Appeals referred to, to the end that the cause may be reopened, and these patents and other evidence introduced into the case, on condition that the defendant pay to the special master his fees and expenses, which fees are fixed at $25 per day, and the further sum of $3,000 counsel fees and expenses of counsel on the trial and final hearing of this case and the hearing in the Circuit Court of Appeals heretofore had, and in attendance before the special master on the accounting. There is no hardship to the defendant in the imposition of this condition, for the reason that the manufacturer of these infringing devices, the Reo Motor Car Company of Michigan, is the real defendant here.

If this condition is complied with, within 20 days after the entry of an order in compliance herewith, there will be an order requesting the Circuit Court of Appeals to grant permission to this court to set aside and vacate its decree made in obedience to the mandate of that court, and requesting that court to recall its mandate and take such measures as may be necessary to fully reinvest the District Court with jurisdiction to open the case and receive such further evidence as may be offered by either party, and when that is done, if done, this cause will be reopened, to the end that such evidence may be introduced. If the parties fail to agree on the number of days' service to which the special master is entitled and the amount of his expenses, then same may be taxed on motion before the District Court.

⊜⟂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes