NASH ENGINEERING CO. v. TRANE CO.

District Court, D. Massachusetts.    June 7, 1927.

No. 2508.

1. Patents ⬤⟶325(1)—Plaintiff held entitled, on motion to reopen to expenses incurred because of defendant's failure seasonably to plead anticipating foreign patent.

Where failure of defendant in patent infringement suit seasonably to plead anticipating foreign patent put plaintiff to expense in preparing its case, costs of such preparation will, on motion to reopen, be charged against defendant.

2. Patents ⬤⟶325(3)—Plaintiff's damage in preparing case on defendant's failure seasonably to plead anticipating foreign patent held $3,000.

Damage to plaintiff in patent infringement suit, resulting from defendant's failure seasonably to plead anticipating foreign patent, which required plaintiff, in preparing his case, to experiment involving time of counsel, experts, and mechanics, held $3,000.

Memorandum on determination of costs on defendant's motion to reopen. Costs determined.

For former opinion, see 20 F.(2d) 439.

Louis W. Southgate and Charles T. Hawley, both of Worcester, Mass., for plaintiff.

Arthur T. Holmes, of La Crosse, Wis., Samuel D. Elmore, of Boston, Mass., and Fred L. Chappell, of Kalamazoo, Mich., for defendant.

MORTON, District Judge. At the time when this motion was heard, and I intimated an intention to allow it, the question of terms was suggested. By consent of the parties, the rehearing proceeded forthwith before the terms for reopening had been determined and complied with, and it was agreed that the decision as to proper terms should be made in connection with the decision of the case, with the same effect as if made when the motion was allowed.

The facts are that the German patent had been called to the defendant's attention several weeks before the final hearing; that by inadvertence its pertinence was not noticed, and it was not pleaded nor referred to until the hearing had been closed and the case was under advisement; that, upon discovering its relevancy, the defendant moved to reopen in order to set it up. After the motion to reopen had been allowed, the plaintiff discontinued as to the first Nash patent, admitting for the purposes of this case that it was untenable against the German patent.

[1] The defendant does not dispute that the allowance of the motion to reopen should be upon terms. The controversy is as to what the terms should be. The failure of the defendant seasonably to plead the German patent undoubtedly put the plaintiff to expense in preparing its case on the first Nash patent. The cost of this preparation should, I think, be charged against the defendant. See Thomson-Houston El. Co. v. Nassau Co. (C. C.) 110 F. 646. In determining what this amount is, I have been assisted by oral statements of counsel on each side as to the cost of the litigation to their clients, and by estimates as to how much of that cost was attributable to the first Nash patent.

[2] It seems clear that the preparation of the plaintiff's case upon the second Nash patent would require to some extent, at least, the same work and investigation as that on the first Nash patent, and equally clear that a good deal of work and time were spent on the first Nash patent which did not bear upon the second Nash patent. The scope of this extra work is indicated by the first four or five pages of my original opinion. The plaintiff estimates the expense which it was put to in this connection at $10,000. The defendant suggests that less than one-tenth of that amount would be a proper allowance. Considerable evidence was taken on the first patent, and a good deal of experimenting was done by the plaintiff to demonstrate how the different pumps operated. Such work is notoriously costly, involving time of counsel, of advising experts, and of mechanics. I am satisfied that the plaintiff has been put to additional expense of at least $3,000 by reason of the defendant's failure seasonably to set up the German patent.

The defendant is to pay that sum to the plaintiff forthwith as the terms on which the case was reopened.