## D. W. BOSLEY CO. et al. v. WIRFS.

Circuit Court of Appeals, Eighth Circuit.
June 8, 1927.

No. 7630.

Patents ⬤⟳324(6)—Showing held to warrant granting of leave to apply for reopening of case for newly discovered evidence of prior public use.

Showing *held* sufficient to warrant the appellate court in granting a motion by defendant and appellant in an infringement suit to apply to the trial court to reopen the case to receive newly discovered evidence of prior public use, on conditions as to payment of costs; it being shown by affidavits that the new evidence sought to be introduced is such as might probably lead the trial court to a different decision, and that defendant had not been negligent in failing to sooner discover it.

Appeal from the District Court of the United States for the Eastern District of Missouri; Charles B. Davis, Judge.

Suit in equity by Edward J. Wirfs against the D. W. Bosley Company and others for infringement of patents. Decree for complainant, and defendants appeal. On motion by defendants for leave to present to trial court a motion to reopen the case to receive

newly discovered evidence of prior public use. Leave granted.

See, also, 20 F.(2d) 632.

John C. Carpenter, of Chicago, Ill. (Munday, Clarke & Carpenter, of Chicago, Ill., on the brief), for appellants.

John H. Bruninga and John H. Cassidy, both of St. Louis, Mo., for appellee.

Before SANBORN and BOOTH, Circuit Judges.

WALTER H. SANBORN, Circuit Judge. On September 25, 1926, the District Court below rendered its decree in this case to the effect that letters patent No. 1,481,451 and letters patent No. 1,516,130 were valid, were owned by the complainant below, Wirfs, the appellee here; that the defendants below, D. W. Bosley Company and others, the appellants here, had infringed these patents; that they were enjoined from continuing the infringement; that the complainant should recover his damages and the profits the defendants had derived from the infringements. The defendants appealed from this decree, and on February 10, 1927, when the case was argued and submitted on the appeal, the appellants submitted also a motion and supporting affidavits for permission to present to the trial court a motion for leave to reopen the case in that court, there to amend its answer and present evidence of a newly discovered public use of gaskets like those patented to the appellee more than two years before either of the appellee's applications for his patents was filed in the Patent Office.

This motion presents two questions: First, do the affidavits render it quite probable that, if the testimony sought establishes the facts set forth in the affidavits, those facts would probably lead the court to a conclusion substantially different from that it has already reached? And, second, have the appellants been so negligent or dilatory in searching for and proving the prior use they are now seeking to prove that a court of equity, which is said to be induced to act only by conscience, good faith, and reasonable diligence, ought to deny their motion?

The affidavits presented by the appellants incline our minds to the view that they have been made by men of good character, who intended to tell the truth; that the affiants were so situated and engaged that they probably had knowledge regarding the material facts stated in their affidavits; and that, if these statements should be proved to be true, they would be likely to lead the court below to a different result from its earlier conclusion.

Mr. Henry Ward testified that he had been since 1913 one of the partners in the Ward Refrigerator & Manufacturing Company in their business conducted near Los Angeles, Cal.; that he has been and is factory superintendent of that business; that in the year 1917 the firm developed a type of packing for cold storage doors composed of a more or less tubular body, the filling of which was generally composed of cotton in the form of cotton twine; that this body was incased in a suitable fabric, usually water proof; that a laterally projecting and longitudinally extending attaching flange formed of the edges of the fabric strip extended from the covering; that in the year 1917 the firm had an order for the United States government; that this order was filled and shipped in 1917, before he went into the service of the United States; that he signed up for service on June 7, 1917; that he left for service in November, 1917, and was discharged from service in San Francisco, on or about April 20, 1919, and immediately came back and went to work in his firm. Mr. Ward then describes in his affidavit the forms in which the gaskets or packings, which were made and sold by his firm, by words and by drawings attached and made a part of his affidavit, which clearly disclose the fact that these gaskets or packings embodied the alleged improvements patented in the patents in suit. He further states in his affidavit that Mr. Leslie made some 200 to 300 feet of this packing; that while he was in the service the members of his firm were buying black oilcloth from Marshall Field & Co., of Chicago, and the Hoegge & Sons and Downie Bros., both of Los Angeles, were doing the turning and sewing for them; that the books of the firm show a purchase from Marshall Field & Co. of the oilcloth October 21, 1918, paid for December 10, 1918. Mr. E. J. Leslie made an affidavit in which he stated that before the 24th of January, 1918, he sewed a fair amount of packings for the Ward Company of the particular construction shown in drawings No. 1 and No. 2 of Ward's affidavit, which drawings disclose the patented improvements claimed by the appellee, and that he fixes the date January 24, 1918, by the fact that he sold his house on that day and moved away within a few days. The statements of Mr. Ward in his affidavit, to the effect that the Ward Company was making and selling these gaskets or packings embodying the patented improvements claimed by the appellee in 1918, is corroborated by the testimony of other witnesses and by statements in their affidavits of entries in the books of the Ward Company disclosing the

purchase of materials in that and the succeeding year for this purpose.

These affidavits are not accompanied by any of the gaskets or packings which the affiant states were made and sold during the years 1917 and 1918, and we recognize the general rule that oral evidence of prior use without the thing used, or without corroborative written evidence to the effect that it was used, is generally insufficient to overcome the grant of a patent, unless it is clear, satisfactory, and practically conclusive. Eibel Process Co. v. Paper Co., 261 U. S. 45, 61, 43 S. Ct. 322, 67 L. Ed. 523; National Hollow B. B. Co. v. Interchangeable B. B. Co. (C. C. A.) 106 F. 693, 703. But we are not deciding, nor have we the jurisdiction now to decide, what the effect of this oral evidence which the appellants seek to introduce may or will be, if received. We are now called upon to decide, and we do decide, only that the affidavits are such that they furnish reasonable ground for this court to permit the appellants to make a motion in the court below to open the case for the purpose of presenting to that court evidence of the prior use the appellants claim.

The second question is whether the appellants have been so negligent, so dilatory in searching out and presenting proof of this alleged use that their late petition to permit it should be denied. The affidavits and letters pertinent to this issue which have been presented in our opinion disclose reasonable diligence to seek and present the general defense of prior use by the appellants. They disclose inquiry and search east of the Rocky Mountains. The appellants' place of business was at or near Chicago, Ill.; that of the Ward Company was near Los Angeles, Cal. This suit was commenced on February 10, 1925, the appellants first discovered the alleged prior use here in issue in December, 1926, and they have been reasonably diligent since that time. We are informed that there is another suit involving the validity of these patents and awaiting the decision of this case. If the existence and effect of this alleged prior use is not litigated and decided in this case, it is very probable that further litigation over it will arise, and there has been no intentional negligence or dilatoriness on the part of the appellants. It is not strange that such a use as that now proposed to be proved, so far from Chicago and on the other side of the mountains, was not discovered earlier, and our conclusion is that the prayer of the petition should be granted, but not without terms.

The appellee ought not to suffer damage or loss that was not his fault. If this case is reopened, and the issue as to the newly discovered use is tried, he will be put to the additional expense of another trial; the witnesses on this new issue are probably in or near California, many hundreds of miles from the court below and from the place of business of the appellee. It is probable that he will be put to the expense of preparing another brief and another argument in this court. If the defense of prior use had been sought out and pleaded, the greater part of this additional expense would have been avoided. It seems to us, therefore, that it is just and equitable that the appellants should pay to the appellee these additional expenses as a condition of the reopening of this case. What the amount of those expenses will be cannot now be known; they must therefore be estimated, and we are of the opinion that, if the case is reopened by the court below, the appellee's expenses beyond what he would have sustained if the defense of prior use had been pleaded and tried before the decree of September 25, 1926, was rendered, will not be less than $400.

We have now purposely determined in this court (1) the pertinency of the proposed evidence of the alleged newly discovered use; (2) the claimed estoppel by laches; and (3) the condition on which, if the case is reopened, the issue regarding the newly discovered use may be tried. All other issues and questions are left to the court below, with the hope that, if the case is reopened, the evidence will be presented soon to the court below for its disposition. Dunn Wire-Cut Lug Brick Co. v. Toronto Fire Clay Co. (C. C. A.) 259 F. 258, 265.

The order will be that the United States District Court below be and it is hereby granted leave to hear, consider, and decide a motion to it by the defendants below to open this case, and if, upon consideration of the evidence and arguments of the respective parties on that motion, it decides to grant it, then on condition that the defendants below first pay to the plaintiff $400, but on no other condition, thereafter to admit the competent and relevant proposed evidence as to the prior use specified in the motion relative thereto in this case in this court, and such other relevant and competent evidence on that subject as any of the parties to this suit may present, and thereafter to consider and determine the case upon the record thereof thus supplemented.