UNITED STATES v. 449 CASES, MORE OR LESS, CONTAINING TOMATO PASTE, etc.

No. M-1566.

United States District Court,
E. D. New York.

June 19, 1953.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for libellant.

Leo Sussman, New York City, for libellee.

BRUCHHAUSEN, District Judge.

This is a motion for an order to set aside the judgment of this Court, dated May 12, 1953, 111 F.Supp. 478, and to grant a new trial on the ground of newly discovered evidence. The judgment sought to be set aside denied an order of condemnation and directed the release of certain allegedly defective cans of tomato paste.

After judgment in favor of the libellee, the government now moves for a new trial on the ground of newly discovered evidence, alleging in substance that the canned food is now in such a condition that it should be condemned. The present condition of the goods is not disputed by the libellee.

The interpretations of Rule 59 of the Federal Rules, 28 U.S.C.A., indicate that the Court's discretion should not be exercised in favor of the motion for a new trial.

In the affidavit of Mr. Thomas Bartram, a bacteriologist for the United States government, submitted in support of the motion for a new trial, the affiant stated:

"On the basis of information obtained in this manner, it is my conclusion that the lot of tomato paste in question is undergoing extensive chemical decomposition. This decomposition is the result of chemical action occurring between the contents (tomato paste) and the metal of the container. In this process gas (hydrogen) is released which produces bulging or swelling of the container frequently to such an extent that the can bursts, spattering the contents over adjacent containers. The containers so spattered are subject to rust which has either already, or eventually will penetrate the container."

It is clear that this is not newly discovered evidence but that it was either an inherent factor of the goods, not diligently sought at the time of the trial, or that it occurred after the trial, and so was wholly unconnected with the previous condition. The Court of Appeals for the Second Circuit in Campbell v. American Foreign S. S. Corporation, 116 F.2d 926, 928, a case involving the recovery after trial of a disabled plaintiff, said:

"The facts alleged in support of the motion do not constitute 'newly discovered evidence' within the rule. That phrase refers to evidence of facts in existence at the time of the trial, of which the aggrieved party was excusably ignorant. If it were ground for a new trial that facts occurring subsequent to the trial have shown that the expert witnesses made an inaccurate prophecy of the prospective disability of the plaintiff, the litigation would never come to an end."

Now, if this present condition might be described as an inherent factor of the goods at the time of the trial which had not manifested itself until after the trial, there is no allegation nor showing that such an inherent factor was diligently sought and excusably overlooked. Cases are legion which show that diligence should be shown, and that such evidence would not have been found.

If, on the other hand, the condition of the goods is a fact which occurred after judgment and discovered then, it is clearly not newly discovered evidence.

Without in any wise alluding to what may or may not be the ultimate rights between the parties, or the ultimate disposition of the goods, the motion is denied.