**BORG–WARNER–CORPORATION,**
Plaintiff-Appellant,

v.

**MALL TOOL COMPANY,** Defendant-Appellee.

No. 11032.

United States Court of Appeals,
Seventh Circuit.

April 6, 1955.

Writ of Certiorari Denied May 31, 1955.

See 75 S.Ct. 875.

Casper William Ooms, Robert C. Williams, Chicago, Ill., for appellant.

Horace Dawson, Timothy L. Tilton, Chicago, Ill., for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant moves to reopen our decision reversing, in part, a judgment of the trial court in favor of defendant. 7 Cir., 217 F.2d 850. In its attempt to present so-called newly discovered evidence, defendant invokes the rule announced in Chicago & W. I. R. Co. v. Chicago & E. R. Co., 7 Cir., 140 F.2d 130, certiorari denied Chicago & E. I. R. R. Co. v. Grand Trunk W. R. Co., 322 U.S. 747, 64 S.Ct. 1157, 88 L.Ed. 1579, under which, we may reopen the controversy and remand the cause to the trial court for its consideration of newly discovered evidence, if it appears that the tendered proof is of such a nature as to require, prima facie, a different result and that defendant has exercised due diligence in discovering and presenting it.

Relative to the last mentioned requirement, defendant has filed a formal offer to pay plaintiff's expenses attributable to this motion and any subsequent proceedings resulting therefrom, should the court determine that the evidence has not been diligently presented. In this offer it relies on a line of decisions, of which Nash Engineering Co. v. Trane Co., D.C., 22 F.2d 868, affirmed 1 Cir., 25 F.2d 267, and Barber v. Otis Motor Sales Co., D.C., 245 F. 945, 949, certiorari denied 256 U.S. 693, 41 S.Ct. 535, 65 L.Ed. 1175, are illustrative, to the effect that a strict rule of diligence will not be applied in patent cases because of the public nature of the subject matter and that such a judgment will be reopened in a proper case and new evidence considered, provided the moving party whose want of diligence has necessitated the prolonged litigation agrees to pay all expenses of the opposing party attributable to his fault.

It appears that, at all times pertinent herein, an ordinary search of the files of the Patent Office would have apprised defendant of the existence of each of the patents on which it now relies. In the view we take of the tendered evidence, however, the question as to the effect of this lack of diligence becomes wholly academic, since we are of the opinion that the showing, on its face, is insufficient to require another hearing.

The evidence proffered consists of the Serin chain saw patents, viz., his basic French patent No. 532,069, the First Additional Patent thereto No. 26,986, the Second Additional Patent thereto No. 27,146, the Third Additional Patent thereto No. 28,485, his British patent No. 176,363 and his German patent No. 394,762. A counterpart of these patents, United States Patent to Serin No. 1,483,-387, issued February 12, 1924, is not cited by defendant but is before us as plaintiff's Exhibit 1 bearing on the question of diligence. Serin's Swedish patent covering the same saw chain structure, though mentioned by the parties in memoranda, is not before us.

Defendant contends that these patents anticipate the chip flow and scavenging features of Hassler's teachings. Particular reliance is placed on Figures 13 and 17 of the British Patent, Figure 5 of the Second Additional French Patent, and Figure 18 of the First Additional French Patent. It insists that these drawings disclose that Serin disclosed cutting elements in which the chips removed from the kerf flowed back over the cutting edge of the blades and underneath the links of the chain in the same manner as in Hassler's chain and that, therefore, his patents, if in evidence, would require a different result in this cause.

We think the contention is without merit. "A foreign patent is to be measured as anticipatory, not by what might have been made out of it, but by what is clearly and definitely expressed in it. An American patent is not anticipated by a prior foreign patent, unless the latter exhibits the invention in such full, clear, and exact terms as to enable any person skilled in the art to practice it without the necessity of making experiments." Carson v. American Smelting & Refining Co., 9 Cir., 4 F.2d 463, 465, certiorari denied 269 U.S. 555, 46 S.Ct. 18, 70 L.Ed. 409. We are of the opinion that the cited patents did not, in the slightest degree, anticipate what Hassler did.

Serin's device is very similar to that disclosed in Shipe 323,602 which we have previously considered and discarded. Like Shipe, Serin covered an inside cutting chain saw designed to be pulled around a tree. It is clear from his claims and specifications, considered individually and collectively, that he, like Shipe, employed a tooth structure which so operated as to force the débris through the links of the chain and out of the device. Thus, his link is described in the original French patent as composed of a forward element composed of two parallel blades "formed like a saw tooth" each of which gouged a furrow in the tree trunk to delimit the slice of wood to be removed by the rear element, described as a plane, "the essential part" of which is a bottom router or cutting blade which shaves off the slice of wood delimited by the forward parallel blades. Above its cutting edge, the bottom router forms a plane, inclined upward from the cutting edge to a close juncture with the rear pintle of the link, by which each link is attached to the one immediately behind it. After describing the removal of the chip from the wood by the cutting blade, the patent states that the débris thus produced "will now be removed * * * through the rectangular opening which is provided for between e' and e" [of figures 8 and 9 of the patent]." The opening to which reference is made, as shown in figures 8 and 9, is in the top or the rear side of the individual link, located above and extending from the top of the plane of the cutting blade to a point approximately in the middle of the link. Thus Serin's invention differs from Shipe only in that the latter employed a single cutting blade formed on the bottom of an inclined plane, while the former added to Shipe's arrangement, as a part of each link, the forward parallel teeth which delimit the kerf.

The specifications and claims of the other Serin patents are no more extensive, except that the German and the United States patents, each of which was issued in 1924, incorporate a part of the teachings of the three additional French patents. The only purpose attributable to the British patent by Figures 13 and 17 thereof is that of illustrating the mode of constructing the saw chain, i. e., attaching the individual links to each other to form a continuous chain. The function of each element is described in language essentially identical with that previously summarized of the basic French patent.

Nothing in the Second Additional French Patent suggests that the chip flow of the saw was to be changed from that of the prior part. The only invention claimed therein relative to the construction of the links deals with the process for their manufacture. The basic patent contemplates links manufactured by fastening together several component pieces of metal. The First Additional Patent describes a method for cutting the entire link from a single piece of metal and folding and forming it into the desired structure. To this invention, the Second Additional Patent adds the teaching that, in manufacture, the blank links may be cut from angle iron (U-shaped stock) and then forged into the desired structure. Figure 5, on which principal reliance is based, purports to be nothing more than a drawing of a single detached link. As translated, the patent speaks of Figure 5 thus: "Figure 5 is a partial drawing also, showing how the links are cut off."

■ Perhaps defendant finds its greatest comfort in Figure 18 of the First Additional French patent which illustrates the use of Serin's chain as an outside cutting mortising implement. The patent is wholly silent, however, as to the chip flow and contains no suggestion as to how the débris is disposed of. The important point is that the patent as a whole speaks of the original link structure, in which the chips are forced out through the links. If any tangible conclusions are to be drawn from Figure 18, they must revolve around the probability that that figure depicts a non-operable use of Serin's chain. Here too, therefore, as is the case with all illustrations on which defendant relies, it would have us go far beyond the claims and the specifications and expand the patent by reference to illustrative material to find anticipation of Hassler's teachings. It would have us construe the cited illustrations as disclosing a purpose and a teaching broader than that which was disclosed by the patentee in his application or claims. This we cannot do. We must conclude either that defendant reads into these illustrations a broader concept than that which the patentee envisioned, or that the illustrations disclose a teaching broader than the claims and written specifications of the patent to which they are attached. Either alternative is fatal to defendant's position. Carson v. American Smelting & Refining Co., supra.

We conclude that none of the teachings of Serin relative to this inquiry is more than a refinement on the prior teachings of Shipe. Nothing is disclosed in any of the several patents to indicate that Serin conceived or employed what Hassler taught, or that he disclosed anything that would suggest to Hassler, the latter's inventive idea. Indeed, they disclose nothing to indicate that Serin understood any principle of chain saw construction even remotely anticipatory or suggestive of Hassler's teachings which made the chain saw a practical, utile implement of industry.

■ Not only does it appear that the Serin patents, if considered, would not prima facie require a different result, but, rather, it appears affirmatively that the same considerations on which we discarded Shipe control the effect of Serin on this litigation. Thus the prerequisite for the allowance of a motion such as this, under either the rule announced in Chicago & W. I. R. Co. v. Chicago & E. R. Co., supra, or Fed.Rules Civ.Proc. rule 60, 28 U.S.C.A., see e. g., Union Bleachery v. United States, 4 Cir., 176 F. 2d 517, certiorari denied 339 U.S. 964, 70 S.Ct. 998, 94 L.Ed. 1373, that the prima facie evidence be of such weight as to necessitate a different result, is not satisfied by the showing made on this application.

The motion to reopen is denied.