INDUSTRIAL INSTRUMENT CORPO-
RATION, Appellant,

v.

The FOXBORO COMPANY, Appellee.

No. 21249.

United States Court of Appeals
Fifth Circuit.

July 28, 1964.

Rehearing Denied Sept. 1, 1964.

See also 5 Cir., 310 F.Supp. 386.

Joe E. Edwards, A. H. Evans, Houston, Tex., for appellant.

William C. Conner, Arthur V. Smith, Edward G. Curtis, Daniel L. Morris, Curtis, Morris and Safford, New York City, Garrett R. Tucker, Jr., Baker, Botts, Andrews & Shepherd, Houston, Tex., for appellee.

Before HUTCHESON and RIVES, Circuit Judges, and GROOMS, District Judge.

HUTCHESON, Circuit Judge.

This is the second time that claim 6 of appellant's patent No. 2,762,393 has been before us.[1] On the first appeal we held that the offending device, the Foxboro Type 37 meter, infringed the claim here in issue. In finding infringement we held that claim 6 "accomplished a meritorious purpose by means not taught in the prior art."[2] However, we ordered a remand as to this claim for a determination of its validity. We instructed the district court to rule on validity on the basis of the record as it then stood or after a new trial at its discretion. The background and description of the device involved here are fully described in our prior decision.

The district judge ordered a new trial at which he received evidence of patents and drawings not offered in the original trial, additional evidence concerning patents introduced in the original trial and relevant portions of the original record. He found that,

The invention and only contribution of Claim 6 of the '393 patent is the use of an imperforate plug (or solid wall) between a bellows and a motion takeoff linkage, to isolate the

1. Industrial Instrument Corp. v. Foxboro Co., 307 F.2d 783 (5th Cir. 1962).

2. Industrial Instrument Corp. v. Foxboro Co., supra note 1 at 786.

linkage and protect it from the direct effect of surges of fluid pressure within the bellows. This is accomplished by confining the flow of liquid between the bellows and the chamber containing the linkage to a constructed passageway, which limits the flow of fluid, and thus prevents the full force of the pulsations from acting upon the linkage, thus giving a "damping" effect.

He found that this was not a new concept, but rather that the contribution was disclosed by a number of prior patents. He concluded as matters of law that claim 6 of '393 was invalid because of invention and disclosure in patents prior to the alleged invention and prior to the application for the patent, and that the patent was invalid because its contribution was obvious at the time of the invention.

■ Appellant asserts that the district court erred in reopening the trial and that, therefore, the evidence then taken should be stricken from our consideration. Appellant bases his assertion on the alleged failure of appellee to show that the new evidence was newly discovered, that his prior search for evidence had been diligent, and that the new evidence was any more than merely cumulative. In support of this proposition appellant relies on Jamco, Inc. v. Carlson, 274 F.2d 338 (10 Cir. 1959); Chemical Delinting Co. v. Jackson, 193 F.2d 123 (5th Cir. 1951), and Barner v. Otis Motor Sales Co., 245 F. 945 (D.C.N.Y. 1917). None of these cases finds an abuse of discretion where a district court reopens a case in the absence of these alleged requirements. In fact Barner allows reopening though diligence was not shown. We hold that the reopening here was not an abuse of discretion. It was permitted by our prior opinion, and by the circumstance that it was only after the first trial and on appeal that appellant asserted the contribution for his patent upon which the issue of validity was finally determined.

■ Appellant attacks the findings of obviousness and prior invention as clearly erroneous. After a careful study of the record, we are unable to say that the findings were contrary to the truth and right of the case. They are not clearly erroneous. Appellant objects to the failure of the district court to find that certain signposts to obviousness were present.[3] The failure to specifically make findings on long existent need, ability to produce, and commercial success is not error. The record supports the court's findings, he traveled the proper path though he did not note passing the signposts. Appellant's other specifications going to the merits are frivolous.

■ Appellant finally urges that its expenses incurred in the reopening be taxed to the appellee since the reopening was a direct result of appellee's negligent failure to introduce the evidence used in reopening at the original trial. Appellant relies on D. W. Bosley Co. v. Wirfs, 20 F.2d 629 (8th Cir. 1927); Dunn Wire-Cut Lug Brick Co. v. Toronto Fire Clay Co., 259 F. 258 (6th Cir. 1919), and Thomson-Houston Electric Co. v. Nassau Electric R. Co. (C.C.N.Y.1901), 110 F. 646. These are cases in which reopening for new evidence was allowed though costs were taxed to parties requesting reopening because they exhibited in varying degrees a lack of diligence in producing evidence on the first trial. Here the trial judge denied a motion to assess costs against the winning party for failure to show any unusual cicumstances demanding such a departure from ordinary procedure. We agree. The reopening was here the result of the adoption of a new theory on the part of appellant. Reopening under such circumstances does not require the assessment of costs against the appellee who requested reopening.

Affirmed.

3. Reiner v. I. Leon Co., 285 F.2d 501, 503–504 (2nd Cir. 1960).