**UNARCO INDUSTRIES, INC.,**
Plaintiff-Appellant,

v.

**EVANS PRODUCTS COMPANY,**
Defendant-Appellee.

No. 16880.

United States Court of Appeals
Seventh Circuit.

Nov. 20, 1968.

Norman Lettvin, George P. McAndrews, Edwin S. Booth, Chicago, Ill., Bair, Freeman, & Molinare, Chicago, Ill., of counsel, for appellant.

John A. Blair, Robert L. Boynton, Detroit, Mich., Patrick Hume, Granger Cook, Jr., Chicago, Ill., Hume Clement, Hume & Lee, Chicago, Ill., Harness, Dickey & Pierce, Detroit, Mich., of counsel, for appellee.

Before CASTLE, Chief Judge, and SWYGERT and FAIRCHILD, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's denial of plaintiff's motion for a new trial. The original judgment of the District Court, which held invalid plaintiff's U.S. Patent No. 3,168,055 for a railroad freight car bulkhead, was affirmed Per Curiam by this court in Unarco Industries, Inc. v. Evans Products Co., 385 F.2d 834 (7th Cir. 1967).

Subsequent to our affirmance, plaintiff sought our leave to file a motion for new trial in the District Court predicated upon its claim that it had discovered new evidence of which it was ignorant at the time of trial and could not have discovered in the exercise of due diligence. The newly discovered evidence consists of a two-page advertisement of defendant which appeared in the August 1967 issue of "Modern Railroads" while the case was pending in this court, and thus was not in existence at the time of trial.

Although there is considerable authority limiting newly discovered evidence to evidence which was available at the time of trial (Federal Practice and Procedure, Rules Edition, Barron and Holtzoff, Vol. 3 § 1305, p. 371; Campbell v. American Foreign S. S. Corp., 116 F.2d 926 (2d Cir. 1941); United States v. 449 Cases, More or Less, Containing Tomato Paste, etc., 113 F.Supp. 114 (E.D.N.Y.1953)), the District Court considered the proffered evidence on the merits.

■ The proper test—whether the newly discovered evidence made a prima facie showing that a different result should have been reached initially—was applied by the District Court. See Borg-Warner Corp. v. Mall Tool Co., 220 F.2d 803 (7th Cir. 1955). We perceive no error in the District Court's conclusion that plaintiff failed to make the required prima facie showing.

 The statement contained in defendant's advertisement—"Something new has been added to Evans DF-B Bulkheads"—and the text of the ad, when viewed in the context of the fact that the equipment shown had not been previously used in general service cars, but only in "high cube" cars, does not, as plaintiff contends, constitute an admission that the development reflected in plaintiff's patent was new or novel, nor does it serve to indicate, much less support a prima facie conclusion, that such development would not have been obvious to those skilled in the art at the time the claimed invention was made.

Accordingly, we conclude that the District Court neither erred nor abused its discretion in finding that the advertisement did not make a prima facie showing that a different result should have been reached. The denial of the motion for a new trial is therefore affirmed.

Affirmed.