960 F.2d 150
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William WADE, Plaintiff-Appellant,
v.
SINGER CORPORATION, Defendant-Appellees.
 No. 90-1760.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1992.
 
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges; and McRAE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff William Wade ("Wade") appeals the district court's judgment in favor of defendant Singer Corporation ("Singer"). Based on a jury verdict, the district court entered a judgment on April 15, 1990 denying plaintiff relief from an alleged unlawful discharge without just cause in breach of an implied employment contract. The district court denied plaintiff's motion for new trial and denied plaintiff's motion for reconsideration of the order denying a new trial. We AFFIRM.
 
 I.
 
 2
 Plaintiff was employed by Singer as Director of the Detroit Job Corps Center (the "Center"). Singer's operation of the Center was acquired through a contract with the United States Department of Labor. The Department awards two-year contracts with three one-year options to extend through competitive bidding.
 
 
 3
 In January, 1988, Singer performed a corporate review of the Center. A review team conducted a week-long examination which revealed numerous performance deficiencies at the Center. Plaintiff was instructed to correct the violations and improve the Center's performance. Plaintiff received several oral and written warnings from Singer regarding his performance.
 
 
 4
 In March, 1988, the Department of Labor performed its annual review. The Department was critical of the Center's performance. The Detroit Center facility was in terrible disrepair and the Center's performance was low according to standards established for all job corps centers. Mr. Gordon S. Carlson, the Job Corps Regional Director having direct oversight responsibility for that center, requested a corrective action plan from Singer. Corrective measures to improve the Center were taken including offering plaintiff a transfer as assistant director of another center. Plaintiff refused that position. In May, 1988, plaintiff's employment with Singer was terminated.
 
 II.
 
 5
 As an initial matter, we find that the district court did not abuse its discretion in denying Wade's motion for a new trial.
 
 
 6
 Wade argues that the trial court should have granted his request for new trial because newly-discovered evidence was presented. In determining whether a new trial should be granted for newly-discovered evidence, the test is whether the evidence makes a prima facie showing that a different result should have been reached initially. See Philip v. Mayer, Rothkopf Industries, Inc., 635 F.2d 1056 (2nd Cir.1980); see also Unarco Industries, Inc., 403 F.2d 638 (7th Cir.1968). The alleged new evidence consisted of a letter written to Congressman Bonior by the administrator of the Office of Job Training Programs, Department of Labor. However, this letter does not show that Wade was not terminated for poor job performance. The letter simply states that the Department of Labor did not request Mr. Wade's termination and that his termination was part of the corrective action plan submitted by Singer. The trial court did not abuse its discretion in refusing to grant a new trial on the basis of a newly-discovered letter which would not change the result of the former trial.
 
 
 7
 Wade's primary argument on appeal centers around remarks attributed to Gordon Carlson, the individual at the Department of Labor in charge of overseeing the Detroit Job Corps Center contract. Singer subpoenaed Carlson to testify, but the subpoena was quashed for reasons that are not made clear in the record presented to us. Wade made no effort to call Carlson as a witness.
 
 
 8
 At trial, Singer wanted to have its president, Herb Watkins, testify that Gordon Carlson made it clear to Watkins that he would not renew for the first option year unless, inter alia, changes were made in the top management at the Detroit Center. Singer made an offer of proof outside the presence of the jury, which included offering the contemporaneous notes of Watkins of his telephone conversation with Carlson. The court declined to admit the proposed exhibit and placed certain limitations on the nature of the testimony that could be elicited from Watkins in front of the jury. Again, although disadvantaged by not having a copy of the transcript, we will assume that the jury did learn from Watkins that at least part of the reason why Wade was discharged is that Watkins got his "marching orders" from Carlson.
 
 
 9
 Wade argues that this was impermissible hearsay that should not have been put before the jury. We disagree. When a witness is asked why he did something and his response is "X told me to," the answer is not hearsay because what X said is not offered for the truth of the matter asserted and, hence, is not hearsay. Fed.R.Evid. 801. The cross-examiner is neither inhibited nor handicapped in fully exploring with Watkins whether such a statement was, in fact, made.
 
 A.
 
 10
 With regard to Wade's contention that the jury charge was misleading, this Court finds that there is no evidence in the record to support the claim. Wade asserts that the Judge stated, "[You] should accept the statement of Mr. Watkins as truth and accept the request to terminate the plaintiff, of Mr. Carlson's also." Nothing in the record shows that the judge made any instruction or statement of this kind during the trial.
 
 B.
 
 11
 With respect to Wade's argument that he was denied due process of law, this Court finds no factual or legal basis exists for this claim. In his brief, Wade stated that Mr. Carlson, the Department of Labor official responsible for awarding Singer the contract, did not provide testimony. The record shows that Singer subpoenaed Mr. Carlson, but the subpoena was quashed by order of the U.S. District Court for the Northern District of Illinois. Wade may not base a due process claim on the quashed subpoena for Singer's witness.
 
 C.
 
 12
 In addition, Wade asserts that Singer did not prove just cause for termination. This was a jury trial. The jury heard testimony and reached a verdict based on the evidence. The record is replete with examples of written warnings for poor job performance. The record shows that Singer did attempt to offer Wade another job but he refused. In a jury trial, the trial Court must allow the evidence to be presented to the jury for a determination of fact issues. In the case at bar, the jury made a fact determination as to whether there was just cause for termination. It is well settled that where a jury finds the facts on the controlling issues and there is no inconsistent verdict, the court is authorized to enter the appropriate judgment to which the prevailing party is entitled. Fed.R.Civ.P. 58; see also Smith v. Whitmore, 270 F.2d 741 (3rd Cir.1959).
 
 D.
 
 13
 Wade argues that the jury pool was disproportionately female and that none of the eight females on the jury was capable of understanding the facts. Additionally, he asserts that the jury selection process was prejudicial and that one juror voted for the purpose of ending the trial. These contentions are simply without merit. Both parties exercised peremptory challenges. The use of peremptory challenges is given in aid of the party's interest in having a fair and impartial jury. See Swain v. Alabama, 85 S.Ct. 824, 380 U.S. 202, 13 L.Ed.2d 759 (1965). No objections were raised at the trial level. It is well settled that an objection that comes for the first time this late in the proceedings is untimely. Atlas Roofing Manufacturing Co. v. Parnell, 409 F.2d 1191 (5th Cir.1969).
 
 III.
 
 14
 For the reasons stated above, we AFFIRM the district's court's order for judgment in favor of Singer Corporation and the denial of a new trial.