14 F.3d 604
 73 A.F.T.R.2d 94-812
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William E. CURRIER, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 93-1667.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 16, 1993.*
Decided Dec. 29, 1993.
 
 Before COFFEY, FLAUM and KANNE, Circuit Judges.
 
 ORDER
 
 1
 William E. Currier brought a claim against the Internal Revenue Service ("IRS") under the Freedom of Information Act ("FOIA"), 5 U.S.C. Sec. 552. The district court granted summary judgment for the IRS, and denied Currier's motion for rehearing and motion to set aside the judgment under Federal Rules of Civil Procedure 59(a)(2) and 60(b)(3) and (6), respectively. Currier appeals,[1] and we affirm.
 
 
 2
 Currier first asserts that the district court's grant of summary judgment for the IRS was premature because the IRS had delivered documents which purported to satisfy his FOIA request number eight just three days earlier.[2] This argument is completely without merit. Prior to delivery of these documents to Currier, the IRS was ready to produce the documents if Currier agreed to pay for the search and duplication costs. Neither Currier nor the IRS informed the district court that the documents purportedly had been produced until after November 2, 1992, the date of the district court's grant of summary judgment. Our review of the record reveals that on November 2, 1992, there was no genuine issue of material fact concerning the availability of the documents sought in Currier's request number eight. Currier has cited no case of any federal court, and we have been unable to find any, holding that a ruling on a summary judgment motion concerning a FOIA claim is inappropriate until the requesting party has paid the applicable fees for the processing of the request. Therefore, the district court properly granted summary judgment to the IRS.
 
 
 3
 Currier next asserts that the district court abused its discretion in denying his motion for rehearing under Federal Rule of Civil Procedure 59(a)(2)[3] because the documents produced by the IRS in response to his request number eight are new evidence which constitute a "sham proffering and incomplete." Under the Federal Rules of Civil Procedure, a motion for rehearing is considered equivalent to a motion for a new trial. Claybrook Drilling Co. v. Divanco, Inc., 336 F.2d 697, 700 (10th Cir.1964); Slater v. Peyser, 200 F.2d 360, 361 (D.C.Cir.1952); Safeway Stores, Inc. v. Coe, 136 F.2d 771, 773 (D.C.Cir.1943). In this circuit, the proper standard for granting a motion for a new trial based on new evidence is whether the new evidence makes a prima facie showing that a different result should have been reached initially. Unarco Indus. Inc. v. Evans Products Co., 403 F.2d 638, 639 (7th Cir.1968). Currier does not meet this burden.
 
 
 4
 The "new evidence" consists entirely of the conclusory assertions that the documents produced by the IRS are a "sham proffering and incomplete." Currier has not explained the manner in which the documents are a "sham" and "incomplete," nor has Currier offered any evidence in support of this assertion.[4] Further, Currier does not contest the statement of the IRS that the requested form 23-C does not specifically identify him or any other taxpayer. In these circumstances, we are not persuaded that Currier's assertions establish a prima facie showing that a different result should have been reached in the district court. Therefore, the district court properly denied Currier's motion for rehearing.
 
 
 5
 Currier's final argument is that the district court improperly denied his motion to set aside the judgment under Federal Rule of Civil Procedure 60(b)(3) and (6). Relief from judgment under Rule 60(b) is within the broad discretion of the district court, and its determination is reviewed only for an abuse of that discretion. Reinsurance Co. of America, Inc. v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). The district court did not abuse its discretion in denying the 60(b) motion because Currier rested solely on conclusory allegations, without any evidentiary support, in support of the motion. Currier thus failed to establish fraud, misrepresentation, or other misconduct by the IRS under Rule 60(b)(3). Fed.R.Civ.P. 60(b)(3). Currier also failed to establish extraordinary circumstances that create a substantial danger of an unjust result, which is required for relief under Rule 60(b)(6) in this circuit. Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986), cert. denied, 482 U.S. 905 (1987).
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 As a preliminary matter, we must determine whether we have jurisdiction over the district court's grant of summary judgment. Currier's notice of appeal was filed in the district court on March 15, 1993, over four months after the entry of judgment on November 2, 1992. Currier timely filed a motion for rehearing in the district court within ten days after the entry of the judgment. Fed.R.Civ.P. 59(b). This automatically suspended the finality of the November 2 order. In re X-Cel, Inc., 823 F.2d 192, 193 (7th Cir.1987). Currier filed a notice of appeal within sixty days of the district court's denial of the rehearing motion, Fed.R.App.P. 4(a)(1), and thus we have jurisdiction to consider this appeal
 
 
 [2]
 Currier's letter to the IRS, dated May 5, 1989, contained thirteen numbered requests under FOIA. In his brief before this court, Currier acknowledges that the IRS has satisfied all of these requests except number eight. This request sought "[a]ny and all forms entitled ASSESSMENT CERTIFICATE, Summary Record of Assessments, Form 23C." The request also sought "all supporting documentation, i.e., record sheet or list attached to the aggregate Form 23C which sought compliance with Treas.Reg. 301.6203-1, and instructions."
 
 
 [3]
 The rationale for the district court's ruling on Currier's motions for rehearing and to set aside the judgment is unclear. The district court order of January 15, 1993, states that "[f]or the reasons stated in the brief filed by the defendant on November 30, 1992, the motions of William E. Currier for rehearing and to set aside the judgment in this matter are DENIED." We have strongly disapproved of the practice of judicial adoption of an entire brief. DeLeo v. Ernst & Young, 901 F.2d 624, 626 (7th Cir.), cert. denied, 498 U.S. 941 (1990). As we stated in DiLeo, this practice "portrays the court as an advocate's tool," and disguises the district judge's reasoning by withholding "information about what arguments, in particular, the court found persuasive, and why it rejected contrary views." Id.; cf. Sims v. Lucas, No. 92-1411, slip. op. at 2 (7th Cir. Nov. 22, 1993) (remanding case to the district court for its failure to state the grounds for granting a motion for summary judgment, in violation of Circuit Rule 50). We reiterate our statement in DiLeo that "[u]nvarnished incorporation of a brief is a practice we hope to see no more." DiLeo, 901 F.2d at 626
 
 
 [4]
 Although Currier was denied the opportunity to file an affidavit in the district court in reply to the IRS's brief in opposition to Currier's motion for rehearing, Currier does not assert that the affidavit would contain anything other than the conclusory assertions set forth above