BORG–WARNER CORPORATION, Plaintiff-Appellant,

v.

MALL TOOL COMPANY, Defendant-Appellee.

No. 11032.

United States Court of Appeals Seventh Circuit.

Nov. 17, 1954.

Rehearing Denied Jan. 18, 1955.

Casper William Ooms, Chicago, Ill., Carl G. Stallings, Herbert J. Schmid, Robert C. Williams, Chicago, Ill., of counsel, for appellant.

Horace Dawson, Chicago, Ill., Timothy L. Tilton, Chicago, Ill., Madison P. Neilson, John Bundock, Jr., Chicago, Ill., of counsel, for appellee.

Before MAJOR, LINDLEY and SWAIM, Circuit Judges.

LINDLEY, Circuit Judge.

Plaintiff, owner of patent to Hassler, No. 2,326,854, issued August 17, 1943, charged defendant with infringement of claims 1, 2, 9, 10, 11, 12, 13, and 14. The Court found claims 1 and 2 valid and infringed by exhibits 5 and 6, devices produced by defendant, but not infringed by exhibits 1, 2, 3, and 4, likewise manufactured by defendant, concluding that the claims properly construed did not cover the latter mentioned devices, but adding that, if claims 1 and 2 should be read as the plaintiff contended they should be, then exhibits 1, 2, 3, and 4 do infringe. The Court was of the opinion, however, that to construe them as covering the latter devices would invalidate them. It held claims 11 and 12 valid and infringed and declared claims 9, 10, 13 and 14 invalid. It found, however, that if they should be determined to be valid, they are infringed by exhibits 1, 2, 3, 4, 5, and 6 manufactured by defendant.

There is no cross appeal. Consequently the questions presented to us are: (1) Can claims 1 and 2 be properly construed to include exhibits 1, 2, 3, and 4, or, speaking otherwise, if those claims be so interpreted as to cover the mentioned exhibits, are they invalid because of anticipation or lack of invention? (2) Are claims 9, 10, 13, and 14 invalid as the District Court held?

Claim 1 which, for all essential purposes, is the same as 2 is as follows: "In a chain saw, a plurality of pivotally joined links, certain of said links having formed thereon angularly disposed slicing elements extending from one marginal edge of said chain saw towards the longitudinal center-line of said chain saw, said slicing elements having transverse, bottom routing edges formed thereon, said slicing elements being arranged in pairs oppositely disposed and spaced laterally apart, and others of said links having formed thereon side cutters having cutting edges lying at the marginal edges of said chain saw."

Included in the Court's findings was the following: "Prior to the disclosure of the Hassler invention, all saw chain construction was closely analogous, in its tooth structure and arrangement, to hand saw construction, in which each tooth which acted to loosen material from the kerf was required to carry the bulk of that material ahead of itself until it could be discharged at the end of the kerf. Thus, the gullet, or storage space of the tooth was fixed and invariable, and, in a long cut, sawdust or chips would pack and collect ahead of the tooth edge to interfere with the cutting or scratching action of the tooth, and would

sometimes expand or swell laterally to engage the kerf walls and interfere with the movement of the saw. The Hassler slicing or shaving router tooth, on the contrary, passes the loosened material and that material is then accumulated, behind the slicing tooth, and is swept through the kerf by a scavenging element carried on a separate link of the chain. Thus, the leading, slicing edge of the tooth is kept free for its intended function and, if the chain is to be used in exceptionally long cuts, the link carrying the scavenging element may be moved to a position farther behind the slicing tooth to accommodate greater quantities of chips without clogging. This was entirely novel in the chain sawing art." It is evident from the claims and the District Court's unchallenged finding that the essential novel feature contributed by Hassler in his saw chain combination was an L-shaped tooth having both its shank and lower horizontal edge sharpened so as to cut off and under the wood fibers, respectively, leaving the debris behind to be pulled away by a drag element following the tooth, thus preventing clogging, which had been so troublesome in earlier devices.

The chain saw with which Hassler dealt is used principally in lumbering. Essential parts include a physical structure to support the chain, which in turn carries a series of cutting elements or teeth, motive power, a drag chain and proper guides. Prior to the time of what Judge Barnes said was Hassler's novel contribution to the art, chain saws had employed the same teeth as other saws, none of which included the specific type prescribed by Hassler or anything like it. The difficulties encountered in operation of the old devices largely disappeared in the utilization of his contribution. As the trial court found, he was the first to conceive of this idea. The beneficent results of his invention are reflected in the Court's findings and upon them we need not enlarge.

As we have observed, though the trial court found claims 1 and 2 valid and infringed by two of plaintiff's exhibits 5 and 6, it held further, that exhibits 1, 2, 3, and 4 were not within the teachings of the claims, but that if the latter should be construed, as the plaintiff insisted they should be, to cover exhibits 1, 2, 3, and 4, then they were invalid, for this would give to them a construction not justified by their language and so broad as to invalidate them for lack of invention over the patents to Bailey, 834, 251, Bens, 1,652,295, Barnes et al., 261,197 and Barnes, 749,603. It is upon this ruling that our question as to claims 1 and 2 is presented.

Defendant's position is that claims 1 and 2 require the slicing elements to be arranged in pairs oppositely disposed and spaced laterally apart, while others of the links have cutting edges lying at the level of the edge of the chain saw. It insists that its commercial chains do not contain such slicing elements so "arranged in pairs", as called for in the claims; that, whereas Hassler prescribed one left-hand and one right-hand L-shaped tooth mounted on the same link with no intervening tooth element and each of the pair of L-shaped teeth separated from the next adjacent pair by a link bearing a pair of side cutting teeth, defendant's commercial saws, in contrast, contain a succession of left and right-hand cutting teeth, not arranged in pairs as described by Hassler but individually arranged, each cutting tooth being mounted on a separate link. This arrangement, defendant insists, is not the equivalent of the Hassler structure. Defendant asserts that, under the patent's teaching, one left and one right-hand cutting tooth must be found on a single link of the chain. We think it clear, however, from an examination of the claims that Hassler's conception included the attachment of each pair of teeth to a common link. From an examination of the evidence and the Court's finding, it seems clear that defendant's variation from Hassler's teaching in this respect represents merely the improvement of a skilled mechanic, while still adopting the exact teaching of Hassler.

Whether one or two factors are employed to accomplish the same result, whether in combination or singly, is not, under the claims here, necessarily a matter of vital importance in determining whether there was invention, and whether there is infringement. The District Court in its memorandum made this statement: "Since every tooth of the accused structures includes a slicing element and a side cutter, it follows necessarily that some of the teeth have slicing elements and other of the teeth have side cutters, and that thus, the language, as well as the spirit, of the claims is satisfied in the accused structures." However, it later concluded: "that because no separate side cutting teeth, devoid of laterally extending toes, are embodied in Plaintiff's Exhibits 1, 2, 3, 4, or 5, they do not infringe claims 1 or 2."

■■ In reaching this conclusion we think the Court was misled into the belief that though the same result was accomplished by defendant, the elimination of one component prevented defendant's devices from being the equivalents of Hassler's. Our language, in Sears, Roebuck & Co. v. Delta Mfg. Co., 7 Cir., 78 F.2d 745, 747, is pertinent: "In our judgment the employment of the single clamp does not distinguish appellant's machine from the Tautz patent. Appellant accomplished by applying the single clamp the same result which is achieved in Tautz by using the two separate clamps. With this one device appellant's machine in this respect, responds to these two elements in Tautz. The application of appellant's clamp accomplishes, substantially in the same way, what is accomplished by the two clamps of Tautz. One does not escape infringement by providing a single element which fully responds to a plurality of elements in the patent." (citing cases) To the same effect is Apex Electrical Mfg. Co. v. Maytag Co., 7 Cir., 122 F.2d 182. In Graver Tank & Mfg. Co. v. Linde Air Products Co., 339 U.S. 605, at page 608, 70 S.Ct. 854, at page 856, 94 L.Ed. 1097, the Court quoted with approval from an earlier case, Union Paper-Bag Machine Co. v. Murphy, 97 U.S. 120, 24 L.Ed. 935, as follows: " 'if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape.' "

In discussing claims 1 and 2 the Court, after pointing out that in the accused devices no separate side cutting teeth devoid of laterally extending toes are embodied, referred to plaintiff's contention that the absence of these separate side cutting teeth does not avoid infringement of claims 1 and 2, and observed that plaintiff contended that neither claim requires that the links which are provided with slicing elements shall be devoid of side cutters, or that the links which are provided with side cutters shall be devoid of slicing elements, and that since every tooth of the accused structures includes a slicing element and a side cutter, it follows, necessarily, that some of the teeth have slicing elements and others side cutters, and that, thus, the language as well as the spirit of the claims is satisfied in the accused structures. The Court went on to say that it had been inclined to the opinion that the defendant had merely combined in a single member two elements shown in Hassler's disclosure as separate elements and that in doing this the defendant had not eliminated any function or changed any mode of operation, and that, therefore, claims 1 and 2 were infringed. However, the Court proceeded to say that it had finally concluded that if claims 1 and 2 were so construed and thus covered the accused structures, the claim would be invalid for lack of invention over the patents to Bailey, 834,251, and to Bens, 1,652,295, in view of Barnes, 261,197 and 749,603. In this situation the Court held that rather than construe the claims so as to make them invalid they should be interpreted to mean that because no separate cutting teeth devoid of laterally extending toes are embodied in the accused devices, they do not infringe claims 1 or 2. The Court added, however, that if the plaintiff's construction of claims 1 and 2 was cor-

rect and the claims were valid when so construed, then exhibits 1, 2, 3, and 4 would infringe claims 1 and 2 of Hassler's patent. The latter finding and conclusion, of course, are not involved in this appeal.

■ After examination of the respective devices and the evidence bearing upon the question, we are of the opinion that the defendant cannot escape infringement of claims 1 and 2 by any of the exhibits submitted, for the reason that they are equivalents of what Hassler prescribed and that the Court was in error when it held that to construe the claim as wide enough to include the accused devices would invalidate them. In other words, the language of each claim is broad enough to include the devices complained of and the latter employ, if not exactly in the same form, the underlying invention of Hassler.

Bailey, 834,251, 1906; Bens, 1,652,295, 1927; Barnes et al., 261,197, 1882, and Barnes, 749,603, 1904, cited by defendant and relied upon by the Court, in our opinion, do not anticipate Hassler or disclose a state of the art which would enable the skilled mechanic to combine their teachings and thus produce as a result what Hassler taught. These patents do not merely disclose the concept of the side cutting teeth in a chain saw with the routing teeth, as defendant contends. There can be no combination of the Barnes teeth with the "raker tooth" of Bailey, or the "clearer tooth" of Bens disclosing the elemental idea which led to the success of Hassler's contribution. It was not until Hessler revealed to the world his exact conception of the proper combination that the art really learned how to accomplish the result of the modern chain saw.

Geithle No. 1,745,090, and Dunlap No. 1,886,382, likewise cited by defendant, are patents for improvements in ditch-diggers. Their operation is far removed from that of sawing down trees and the principles governing it, and the operations involved therein supply no light upon how to build a chain saw. In ditch-digging, the cutting element, also ordinarily removes the earth. In sawing logs, the cutting teeth perform no such function. The removal of the chips or sawdust is accomplished in an entirely different manner. If the ditch digger should leave in the trench the earth which the chain shovels remove, we would have some similarity in operation, for then it would be necessary for the ditch digger to provide a removal element. The District Court was evidently of the same opinion, for it gave no weight to these references, action of which we approve. Nor do we think that Shipe, 323,602, made any contribution to the art throwing any light upon what Hassler did. There is no similarity in structural performance between Shipe and Hassler, and it is clear from the evidence that there is no possibility of using his chain to accomplish what Hassler accomplished. We think the District Court rightfully placed no reliance upon Shipe.

■ Defendant asserts that plaintiff is estopped by Hassler's file wrapper from seeking a construction of claims 1 and 2 broad enough to cover plaintiff's commercial saw chains and points to certain language used by Hassler in distinguishing Shipe 323,602. Despite any terminology employed by Hassler in presenting his case, an examination of his claims and specifications indicate a sharp divergence from anything that Shipe taught. As a matter of fact the latter covered a chain saw designed to be pulled around a tree by a horse which was not adapted for use with a guide. He advised entirely different sorts of teeth and forced the debris, directly through the links of the chain and out of the device. There is nothing in Shipe to indicate that he understood or employed any of the teachings later divulged by Hassler. His structure is not adapted for use as Hassler's or defendant's chain saw are intended to be operated. In view of the fact that the Hassler patent issued in the form in which it now appears after the patent office considered Shipe and that it discloses an entirely different structure from that of Shipe, we see nothing in the argument of Hassler presented in

the patent office to estop plaintiff from claiming everything that it now claims in respective claims 1 and 2. The trial court did not find any of the elements of estoppel in the evidence presented and we think, likewise, that the record does not sustain defendant's contention in this respect.

The trial court held invalid claims 9, 10, 13, and 14, saying: "Claims 9 and 10 each claim merely 'a saw tooth' and claim 13 and 14 each claim merely 'a saw having' a particular kind of tooth. In the Court's opinion, each of these claims is anticipated by Barnes et al., 261,197, issued July 18, 1882, Barnes, 749,603 issued January 12, 1904 and Wallace (Swedish) 5,341 issued June 26, 1893. The two Barnes patents show groove cutters which, on examination, are disclosed to be a special kind of circular saw. Wallace shows a hand or circular saw having teeth of the kind claimed in the four claims now under consideration." Plaintiff takes the position that though these claims literally cover merely "a saw tooth", it is obvious from the specifications and description of the patent that, in making his claims, Hassler was referring to saw teeth in a saw chain, whereas the Court held that the claim of a saw tooth is broad enough to encompass any tooth which resembles the tooth of the claims, although they appear in machines other than chain saws. In other words, plaintiff insists that to interpret the claims as the trial court interprets them is to read them in a vacuum, whereas they must be read in connection with the specifications and description.

In our examination of the specifications we find that the patentee discussed only chain saws and undoubtedly intended to invent only an improvement in such saws. Thus, he employed the words "chain saw" some 30 times and the word "links" many times. Moreover, the drawings indicate that everything Hassler claimed was intended to be limited to chain saws. However, in view of the Supreme Court's announcements, this does not answer the question presented. The claims themselves are limited only to saw teeth without reference to whether they are in a saw chain or in some other device. To our mind this brings this case within Graver Tank & Mfg. Co. v. Linde Air Products Co., 336 U.S. 271, 69 S.Ct. 535, 93 L.Ed. 672, in which the Supreme Court reversed the decision of this Court in 7 Cir., 167 F.2d 531. We had held certain claims valid on the theory that we should read into them the limitations indicated by the specifications. The Supreme Court thought this was not permissible and on review pointed out its reasons for its conclusion. Thus, the Court said in 336 U.S. at page 276, 69 S.Ct. at page 538: "The trial court looked at claims 24 and 26 alone and declined to interpret the terms 'silicates' and 'metallic silicates' therein as being limited or qualified by specifications to mean only the nine metallic silicates which had been proved operative. The District Court considered that the claims therefore were too broad and comprehended more than the invention. The Court of Appeals considered that because there was nothing in the record to show that the applicants for the patent intended by these claims to assert a monopoly broader than nine metallic silicates named in the specifications, the court should have construed the claims as thus narrowed and limited by the specifications. * * * While vain repetition is no more to be encouraged in patents than in other documents, and claims like other statements may incorporate other matter by reference, their text must be sufficient to 'particularly point out and distinctly claim' an identifiable invention or discovery. We have frequently held that it is the claim which measures the grant to the patentee. See, for example, Milcor Steel Co. v. George A. Fuller Co., 316 U.S. 143, 145, 62 S.Ct. 969, 970, 86 L.Ed. 1332; General Electric Co. v. Wabash Co., 304 U.S. 364, 369, 58 S.Ct. 899, 901, 82 L.Ed. 1402; Altoona Publix Theatres v. American Tri-Ergon Corp., 294 U.S. 477, 487, 55 S.Ct. 455, 459, 79 L.Ed. 1005. While the cases more often have dealt with ef-

forts to resort to specifications to expand claims, it is clear that the latter fail equally to perform their function as a measure of the grant when they over-claim the invention. When they do so to the point of invalidity and are free from ambiguity which might justify resort to the specifications, we agree with the District Court that they are not to be saved because the latter are less inclusive. Cf. General Electric Co. v. Wabash Appliance Co., 304 U.S. 364, 373, 374, 58 S.Ct. 899, 903, 904, 82 L.Ed. 1402; see McClain v. Ortmayer, 141 U.S. 419, 424, 425, 12 S.Ct. 76, 77, 78, 35 L.Ed. 800; Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U.S. 399, 410, 25 S.Ct. 697, 702, 49 L.Ed. 1100."

Here, there is no ambiguity in the claims in question. Literally, they speak only of "saw-teeth" and to limit those words to saw teeth in a saw chain by reference to the specifications seems to us to go beyond what we are permitted to do under the Supreme Court's decision in the Graver case. There we attempted to limit the word silicates to a certain class mentioned in the specifications and thus to validate the claims. But that, in the absence of an ambiguous claim, the Court said, was not permissible. So here, we think the District Court properly held that the claims for saw teeth could not be limited, as the Court had originally thought it might well be, to teeth in a chain saw. Accordingly, the Court held the claims too broad in that they covered all saw teeth and that any such claim was invalid under the references cited. We see no escape from approval of the trial court's conclusion in that respect. Inasmuch as we cannot limit the plain words of the claim to something less than what existed before, we are powerless to interfere with the judgment in this respect. Wallace's patent of 1893 employed an L-shaped saw tooth, and Barnes in 261,197 and 749,603 disclosed router cutters consisting of L-shaped teeth. True, they did not disclose chain saws or the combination described by Hassler, but, as we have pointed out, neither does Hassler in claims 9, 10, 13, and 14. Thus, the references cited by the trial court show that any claim for merely a saw tooth fell within the prior art.

That part of the judgment adjudging claims 1 and 2 invalid, if construed so as to cover Exhibits 1, 2, 3, and 4, is vacated with directions to proceed as indicated in this opinion. In all other respects the judgment is affirmed.