Russell E. LONG, and Virgle Coleman, James R. Guerin and Earl Van Horn, partners d/b/a Crossville Tool & Machine Co., Plaintiffs,

v.

ARKANSAS FOUNDRY COMPANY, a Corporation, Defendant.

Civ. A. No. 2849.

United States District Court
E. D. Arkansas, W. D.

Jan. 5, 1956.

Kingsland, Rogers & Ezell, St. Louis, Mo., Roy F. Hough, Sikeston, Mo., J. W. Barron, Little Rock, Ark., for plaintiffs.

Barber, Henry & Thurman, E. A. Henry, Charles S. Harley, Little Rock, Ark., for defendant.

TRIMBLE, Chief Judge.

This action was begun on August 2, 1954, by Russell E. Long, patentee, and Virgle Coleman, James R. Guerin and Earl Van Horn, partners doing business as Crossville Tool & Machine Co., licensees, against Arkansas Foundry Company, a corporation, alleging infringement of a patent. This patent, being No. 2,650,628 was issued to Long on September 1, 1953, for a Tree Feller and Land Clearing Attachment. The complaint is short and does no more than advise the defendant that it is being sued for infringement of the numbered patent.

Pursuant to notice and agreement of parties the defendant took the discovery deposition of Long on October 22, 1954, and thereafter filed its answer. The answer denied the validity of the patent and denied that Long was the inventor of the subject matter of the patent. Defendant filed a request for admission of facts. The time for response was extended by the court, on motion of plaintiffs, and again extended by agreement of parties. Forty-five days after the expiration of this last extension plaintiffs filed their response. Defendant moved for an order declaring the response came too late, that the responses did not comply with the rule, and that the requests for admissions had been made. Upon this motion the parties filed briefs and upon consideration thereof the court entered an order that the admissions as requested had been made. Defendant then filed a motion for summary judgment under Fed.Rules Civ.Proc.Rule 56, 28 U.S. C.A. In accordance with Rule 8 of the Rules of Practice for the District Court, the defendant filed a brief in support of its motion, and plaintiffs filed a brief in response. A hearing was had upon this motion on December 28, 1955, when the motion was argued orally by counsel for both parties.

So far as pertinent on this motion the subject matter of the patent is described as follows in the patent.

In the specifications:

"My invention is a novel land-clearing blade which serves as an attachment for tractors, bulldozers, or the like, and is principally intended to clear foliage, vegetation and trees from land prior to cultivation thereof. The principal object of my invention is to furnish a clearing attachment which travels over the land at surface level and severs the trees or other growths at ground level; or which in the case of larger trees may be used to sever the roots thereof near ground level so that the trees may be relatively easily pushed over. Another important object of my invention is to provide a V-shaped land-clearing attachment of the character specified, said attachment having pusher booms extending outwardly from its prow and adapted to contact a tree at a point fairly high up on the trunk so as to provide a

sufficient leverage to push the tree over after the roots thereof have been severed."

And in Claim No. 1 of the patent:

"I claim:

I. A land clearing attachment for use on a tractor comprising a substantially horizontally disposed frame having a V-shaped portion terminating in a forwardly facing apex, said frame having regularly extending supporting arms rigidly fixed thereto and pivotally mounted at their aft ends to the tractor; a V-shaped scraper blade fixed to said V-shaped portion; means on the tractor for raising and lowering said frame about said pivotal mounts; toothed cutting members extending laterally outwardly around the lower periphery of said blade; and a relatively long and narrow pusher boom fixed to the apex of said frame above said cutting members and extending outwardly there-beyond."

There was also a description of the second pusher boom and the jacks. A description of the jacks and their function is immaterial in view of the decision of the court on this motion. There was the usual repetition and elaboration of these claims, but the portions of the patent set out above was not in any way enlarged.

If there is any genuine issue as to any material fact then the court should not grant a motion for summary judgment. A motion for summary judgment should be considered with great care by the trial judge. Doehler Metal Furniture Co. v. United States, 2 Cir., 149 F.2d 130. It is not the function of the trial judge to decide issues of fact on a motion for summary judgment, but only to decide if there is any genuine issue as to any material fact. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016. "The question presented by such a motion is whether or not there is a genuine issue of fact. It does not contemplate that the court shall decide such issue of fact, but shall determine only whether one exists." Ramsouer v.

Midland Valley R. Co., 8 Cir., 135 F.2d 101, 103. And the burden of establishing the nonexistence of any genuine issue of fact is on the movant. Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318. "A summary judgment upon motion therefor by a defendant in an action should never be entered except where the defendant is entitled to its allowance beyond all doubt." Traylor v. Black, Sivalls & Bryson, 8 Cir., 189 F.2d 213, 216. The court has taken all of these well established principles into consideration, and finds that there is no genuine issue as to any material fact. The court is of the opinion that if the case proceeded to trial the plaintiffs could introduce no evidence which would entitle them to recover.

When the defendant took its discovery deposition Long testified that before he made the first attachment for which he later applied for a patent, he had seen an attachment in the possession of one McMullen, which was then in operation near his home and shop, and had inspected this attachment. According to his testimony there was no material difference between the McMullen attachment and the one described in his specifications and claims for a patent and for which he received a patent, except that the McMullen attachment did not have a pusher boom or booms and did not have the jacks. It is not known who was the inventor or even the maker of the attachment which was in the possession of McMullen. It had been operating in the vicinity for quite some time before Long applied for his patent.

In the admissions of fact it is admitted that the language in claim No. 1 of the patent describes the McMullen attachment, with the exception of the so-called pusher boom or booms. Long admitted in his deposition that the jacks were old and in use before his patent, and in the admissions of fact it was admitted that the jacks are mechanical devices well known in the art and were manufactured and used by one or more tractor and machinery manufacturers before Long pat-

ented his attachment, and that the jacks were not the invention of Long.

In plaintiffs' brief on this motion for summary judgment there are certain admissions made that bear directly upon the questions presented. On page 7 of the brief it is said:

"Certainly, Russell E. Long knew that he did not invent the McMullen unit, which was only a V-shaped blade attachment. * * * It is manifest that the defendant is not familiar with combination claims, as witness the lengthy consideration that its brief gives to the V-blade and to the pusher boom *separately* which separately are not issues here."

And again:

"On pages 13–15 of its brief, defendant broadly attacks the subject patent as not defining invention, but there is not a single word directed against the novel combination which the claims of the patent set forth. * * * We admit, when Long conceived his new combination, that V-blades were old, V-frames were old, pusher booms were old, jacks were old, but the *combination* defined by the claims of the Long patent were new." (Emphasis theirs.)

By these admissions the plaintiffs have restricted their claims in this patent to a combination patent. About that there can be no genuine issue.

Did the patentee Long have a valid combination patent? It is the contention of the defendant that he did not. With that contention the court must agree.

Title 35 U.S.C.A. § 111, provides:

"Application for patent shall be made by the inventor, except as otherwise provided in this title, in writing to the Commissioner. Such application shall include: (1) a specification as prescribed by Section 112 of this title * * *."

Section 112 provides:

" * * * The specification shall conclude with one or more claims

*particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention."* (Emphasis ours.)

Long did not comply with the provisions of the statute as set out. Giving to the language used its usual and ordinary meaning it is clearly evident that Long claimed as his invention all of the old elements in the claims of the patent. He did not distinguish what was new from what was old; he did not limit the claims of his patent in any way; he did not particularly point out and distinctly claim the subject matter or elements which he regarded as his invention, but claimed the entire subject matter; he did not clearly distinguish what he claimed from what went before in the art, and did not clearly circumscribe what is foreclosed from future enterprise.

■■ It is incumbent upon the applicant for a patent to carefully and clearly comply with the requirements of the statute, and to set out the new from the old, and to fix the limits of his claims to apprise the public of what is foreclosed from future enterprise.

"The statutory requirement of particularity and distinctness in claims is met only when they clearly distinguish what is claimed from what went before in the art and clearly circumscribe what is foreclosed from future enterprise." United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 236, 63 S.Ct. 165, 170, 87 L.Ed. 232, 237.

"The question before this court is the validity of the claims * * *.

"We need not inquire whether Pacz exhibited invention, or whether his product was anticipated. *The claim is invalid on its face.* It fails to make a disclosure sufficiently definite to satisfy the requirements of R.S. § 4888, 35 U.S.C. § 33, 35 U.S.C.A. § 33 [now 35 U.S.C.A. § 112]. That section requires that an applicant for a patent file a written description of his discovery or invention 'in such full, clear, concise,

and exact terms as to enable a person skilled in the art or science to which it appertains * * * to make, construct, compound and use the same; * * * and he shall particularly point out and distinctly claim the part, improvement, or combination which he claims as his invention or discovery.' We may assume that Pacz has sufficiently informed those skilled in the art how to make and use his filament. The statute has another command. Recognizing that most inventions represent improvements on some existing article, process, or machine, and that a description of the invention must in large part set out what is old in order to facilitate the understanding of what is new, Congress requires of the applicant 'a distinct and specific statement of what he claims to be new, and to be his invention.' Patents, whether basic or for improvements, must comply accurately and precisely with the statutory requirement as to claims of invention or discovery. The limits of a patent must be known for the protection of the patentee, the encouragement of the inventive genius of others, and the assurance that the subject of the patent will be dedicated ultimately to the public. The statute seeks to guard against unreasonable advantages to the patentee and disadvantages to others arising from uncertainty as to their rights. The inventor must 'inform the public during the life of the patent of the limits of the monopoly asserted, so that it may be known which features may be safely used or manufactured without a license and which may not.' The 'claims measure the invention.' * * *

"Pacz did not adequately set out what 'he claims to be new.'" General Electric Company v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 901, 82 L.Ed. 1402. See also: Aetna Ball & Roller Bearing Co. v. Standard Unit Parts Corporation, 7 Cir., 198 F.2d 222; Application of Hudson, 205 F.2d 174, 40 C.C.P.A., Patents, 1036; Borg-Warner Corp. v. Mall Tool Co., 7 Cir., 217 F.2d 850.

■ The patent issued to Long, No. 2,650,628 is invalid for failure of Long to comply with the requirements of Section 112, Title 35 U.S.C.A. This invalidity is apparent upon the face of the patent when read in the light of the admissions of plaintiffs.

It is further contended by the defendant as a further ground for sustaining its motion for a summary judgment that this patent is invalid for over-claiming; that the patentee seeks to impress a monopoly upon a subject matter which he did not invent, by including old elements in his claim. In the case of Lincoln Engineering Co. v. Stewart-Warner Corporation, 303 U.S. 545, 546, 549, 58 S.Ct. 662, 664, 82 L.Ed. 1008, 1010, the Supreme Court said:

"As we said of Gullborg in the Rogers case [Rogers v. Alemite Corporation, 298 U.S. 415, 56 S.Ct. 787, 80 L.Ed. 1251], having hit upon this improvement he did not patent it as such but attempted to claim it in combination with other old elements which performed no new function in his claimed combination. *The patent is therefore void as claiming more than the applicant invented.* * * *

"We conclude that Butler's effort by the use of a combination claim, to extend the monopoly of his invention of an improved form of chuck or coupler to old parts or elements having no new function when operated in connection with the coupler renders the claim void." (Emphasis ours.)

There is a very late case decided by the Supreme Court in 1950, the Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corporation, 340 U.S. 147, 71 S.Ct. 127, 95 L.Ed. 162, which is important upon this question. On page

149 of 340 U.S., on page 129 of 71 S.Ct., that court said:

"Since the courts below perceived invention only in an extension of the counter, we must first determine whether they were right in so doing. We think not. In the first place, the extension is not mentioned in the claims, except, perhaps, by a construction too strained to be consistent with the clarity required of claims, which define the boundaries of a patent monopoly. [March 3, 1915] 38 Stat. 958 [Ch. 94], 35 U.S. C.A. § 33 [35 F.C.A. Title 35]; United Carbon Co. v. Binney & Smith Co., 317 U.S. 228, 63 S.Ct. 165, 87 L.Ed. 232; General Electric Co. v. Wabash Appliance Corp., 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402. In the third place, if the extension itself were conceded to be a patentable improvement of the counter, and the claims were construed to include it, the patent would nevertheless be invalid for overclaiming the invention by including old elements * * *. Bassick Mfg. Co. v. R. M. Hollingshead Co., 298 U.S. 415, 425, 56 S.Ct. 787, 791, 80 L.Ed. 1251 [1256]; Carbice Corp. v. American Patent Developments Corp., 283 U.S. 27, 51 S.Ct. 334, 75 L.Ed. 819." See also Borg-Warner Corp. v. Mall Tool Co., 7 Cir., 217 F.2d 850.

The contention of the defendant that the patent is invalid for overclaiming is sustained and the patent is held invalid upon that ground.

Title 35 U.S.C.A. § 282, provides:

"A patent shall be presumed valid. The burden of establishing invalidity of a patent shall rest on a party asserting it."

That presumption is only prima facie and is rebuttable. Parks v. Booth, 102 U.S. 96, 26 L.Ed. 54; H. Wenzel Tent & Duck Co. v. White Stag Mfg. Co., 9 Cir., 199 F.2d 740; Patterson-Ballagh Corp. v. Moss, 9 Cir., 201 F.2d 403. In the case of United States Air Conditioning Corp. v. Governair Corp., 10 Cir., 216 F.2d 430, at page 432, the court said: "It is true that the granting of a patent creates a presumption of validity, but that presumption is rebuttable." Radio Corporation of America v. Radio Engineering Laboratories, 293 U.S. 1, 55 S.Ct. 928, 79 L.Ed. 163; Cole v. Hughes Tool Co., 10 Cir., 215 F.2d 924. Nor can this presumption relieve the court of the duty of inquiring into the validity of the patent. In Slawson v. Grand St., etc. R. R. Co., 107 U.S. 649, 2 S.Ct. 663, 27 L.Ed. 576, the United States Supreme Court said: "If letters patent are void because the device or contrivance described therein is not patentable, it is the duty of the court to dismiss the cause on that ground, whether the defense be made or not." In the case of Continental Farm Equipment Co. v. Love Tractor, Inc.,[1] the U. S. Court of Appeals for the Eighth Circuit, held: "The opinion of the Patent Office is entitled to and given great weight on the question of the validity of patents issued and the necessary attributes of patentability, including invention. Yet in the final analysis, invention is a question for the courts ultimately to decide." Citing Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., supra. See Linville v. Milberger, D.C., 29 F.2d 610, 613, where the court said: "From these authorities it is clear that the duty of inquiring into the patentability of this plow cannot be escaped. * * *" In the case of Brown v. Piper, 91 U.S. 37–44, 23 L.Ed. 200, the Supreme Court said: "Examined by the light of these considerations, we think this patent was void on its face and that the court might have stopped short at that instrument, and, without looking beyond it to the answers and testimony, sua sponte, if the objections were not taken by counsel, well have adjudged in favor of the defendants." The burden placed upon the defendant, in this case, to establish the

invalidity of the patent has been fully met.

 This patent being void at the time of its issue, no question of patentability, infringement, or invention can be a genuine issue of a material fact in this case. The court now holds that there is no genuine issue of a material fact to be decided now remaining, and that the defendant is entitled to have its motion for summary judgment sustained, and it is so held.

This memorandum is filed in lieu of findings of fact and conclusions of law. Counsel for defendant will prepare and file with the court a praecipe for judgment in line with the above holdings.