**Russell E. LONG and Virgle Coleman, James R. Guerin and Earl Van Horn, Doing Business as Crossville Machine & Tool Company, a partnership, Appellants,**

v.

**ARKANSAS FOUNDRY COMPANY, a corporation, Appellee.**

No. 15540.

United States Court of Appeals
Eighth Circuit.

Aug. 19, 1957.

Lawrence C. Kingsland, St. Louis, Mo. (Estill E. Ezell, Edmund C. Rogers, and Kingsland, Rogers & Ezell, St. Louis, Mo., on the brief), for appellants.

Charles S. Harley, Little Rock, Ark. (Barber, Henry & Thurman, Little Rock, Ark., on the brief), for appellee.

Before GARDNER, Chief Judge, and VOGEL and VAN OOSTERHOUT, Circuit Judges.

VOGEL, Circuit Judge.

Appellants-plaintiffs brought this suit against Arkansas Foundry Company, a corporation, appellee-defendant, alleging patent infringement. On motion of Arkansas Foundry Company, the trial court granted summary judgment against Russell E. Long and others, appellants, on the ground that the patent upon which they relied was invalid. The parties will be referred to herein as they were in the court below.

Plaintiffs' complaint alleges that on September 1, 1953, United States Letters Patent No. 2,650,628 were duly and legally issued to Russell E. Long for an invention entitled "Tree Felling and Land Clearing Attachment"; that the other plaintiffs are exclusive licensees under said patent and that the defendant infringed the patent by making, using and selling embodiments thereof in Arkansas and elsewhere throughout the United States. Defendant's answer admits the issuance of the patent, but alleges that the application therefor was false and fraudulent in law and fact, did not reveal the true facts to the Patent Office, that the patent was wrongfully and illegally issued, and that Long was not the inventor of the so-called Tree Felling and Land Clearing Attachment.

Defendant filed an amendment to the answer, specifying in detail the patents that it would rely upon as showing (a) that there is no invention in the patent in suit; (b) that the patentee, Russell E. Long, is not the inventor of the device described or covered by the patent in suit, or purporting to be so described in or covered therein; (c) the invalidity of said patent and each and every claim thereunder. The amendment lists some six patents upon which the defendant relies and thereafter lists the names and addresses of the persons who had knowledge of the matter in issue.

The subject matter of the patent, as set out in the specifications, is described as a novel land-clearing blade. The blade is attached to a tractor or bulldozer and is primarily intended to clear foliage, vegetation and trees from land so as to allow for cultivation. The clearing attachment travels over the land at surface level and severs all growth. In the case of large trees, it severs the roots near the ground. Another object of the attachment is to " * * * provide a V-shaped land-clearing attachment of the character specified, said attachment having pusher booms extending outwardly from its prow and adapted to contact a tree at a point fairly high up on the trunk so as to provide sufficient leverage

to push the tree over after the roots thereof have been severed". The upper boom extends beyond the lower boom and makes primary contact with the tree. The lower boom engages the bent tree so low that the tree is either torn out by the roots or severed by the knife blades of the attachment. The blade is so constructed that when larger more solid trees are engaged the tractor or bulldozer will be deflected clear of the trunk without stalling or damage. The attachment can be raised and lowered on its forward end by means of a block and tackle and on its after pivot ends by means of level-adjusting jacks, thereby providing substantially horizontal operation of the V-blades despite varying conditions of the terrain. Following the specifications Long set forth nine separate patent claims.

In ruling on defendant's motion, the trial court considered certain admissions whereby " * * * the plaintiffs have restricted their claims in this patent to a combination patent". Long v. Arkansas Foundry Co., D.C.Ark.1956, 137 F. Supp. 835, 838. Having determined that all of the individual elements of the patent were old and that there was involved only a combination patent, the trial court held that Long had failed to satisfy the statutory requirements for a valid patent by failing to " * * * set out the new from the old, and to fix the limits of his claims * * *." 137 F.Supp. at page 838. See 35 U.S.C.A. § 112.

■ In arriving at its conclusion as to the validity of the patent, the trial court, in addition to Long's discovery deposition, admissions of fact and brief, considered only claim No. 1 of the patent, referring to the other 8 claims as repetition and not enlarging. An examination of the other 8 claims indicates that they do enlarge on claim No. 1 and that the trial court failed to consider the function or functions of the old elements in the claimed combination, particularly the function or functions of the aftly situated level-adjusting jacks referred to in *only* claims Nos. 3, 7 and 8. It therefore

becomes obvious that the admissions of plaintiffs were not conclusive against their claim that their patent described a new function patentable as a combination.

We think there was no justification for attempting to decide this case upon the defendant's motion for summary judgment. The case should have been tried on the merits and the parties afforded an opportunity to introduce evidence on the issue whether the combination of old elements disclosed by all of the claims of the patent, as explained and illustrated by the specifications and drawings, (G. H. Packwood Mfg. Co. v. St. Louis Janitor Supply Co., 8 Cir., 1940, 115 F.2d 958; Parker Appliance Co. v. Irvin W. Masters, Inc., D.C.Cal.1950, 94 F.Supp. 72, affirmed 9 Cir., 1951, 193 F.2d 180; Schriber-Schroth Co. v. Cleveland Trust Co., 1940, 311 U.S. 211, 312 U.S. 654, 61 S.Ct. 235, 85 L.Ed. 132) constituted a patentable improvement over the prior art, of which the plaintiff Russell E. Long was the inventor, or whether the combination claimed was merely an unpatentable aggregation of old elements exhibiting no new and useful function.

In Hycon Manufacturing Co. v. H. Koch & Sons, 9 Cir., 1955, 219 F.2d 353, 356, the appeal was from a summary judgment for the plaintiff in an infringement action in which both sides had moved for summary judgment. The Court of Appeals, in reversing the judgment, among other things said:

"* * * any tendency to abolish trial in patent cases for consideration of documents in camera should be curbed."

In Paragon-Revolute Corporation v. C. F. Pease Co., 7 Cir., 1957, 239 F.2d 746, 748, the appeal, as in the instant case, was from a summary judgment for the defendant in a patent case. The judgment was reversed. The Court of Appeals said:

"One of the hazards of endeavoring to decide a patent infringement suit by a summary judgment procedure is that there would not ordi-

narily be anything before the Court by which a history of the progress of the patent in suit in the Patent Office could be ascertained."

The Court also said:

"This is a case where there should have been a trial upon the merits."

This court has frequently said with respect to the granting of summary judgment:

"That one reasonably may surmise that the plaintiff is unlikely to prevail upon a trial, is not a sufficient basis for refusing him his day in court with respect to issues which are not shown to be sham, frivolous, or so unsubstantial that it would obviously be futile to try them."

Sprague v. Vogt, 8 Cir., 1945, 150 F.2d 795, 801; Northwestern Auto Parts Co. v. Chicago, Burlington & Quincy R. Co., 8 Cir., 1957, 240 F.2d 743, 746, and cases cited.

■ There are a number of reasons why we think the summary judgment procedure provided by Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. is not ordinarily appropriate for the disposition of a patent case. Among them are the following:

■ (1) The issuance of a patent is *prima facie* evidence of both novelty and utility (see 35 U.S.C.A. § 282), and when one attacks a patent he must make good his attack with reasonable clearness. He has the burden of proof, and every reasonable doubt will be resolved against him. Donner v. Sheer Pharmacal Corporation, 8 Cir., 1933, 64 F.2d 217, 221, and cases cited; G. H. Packwood Mfg. Co. v. St. Louis Janitor Supply Co., 8 Cir., 1941, 115 F.2d 958, 964–965.

■ (2) In a case where the patentability of a claimed invention is an issue, evidence of commercial success is admissible and may be forthcoming. In a doubtful case, such evidence may turn the scale in favor of the plaintiff. See Donner v. Sheer Pharmacal Corporation, supra, at page 221 of 64 F.2d, and cases cited.

■ (3) In such a case, evidence that the patent device or combination solved a long-felt want and an old problem which had baffled those skilled in the art is also admissible. Expanded Metal Co. v. Bradford, 1908, 214 U.S. 366, 381, 29 S.Ct. 652, 53 L.Ed. 1034; G. H. Packwood Mfg. Co. v. St. Louis Janitor Supply Co., 8 Cir., 1941, 115 F.2d 958, 964.

■ (4) A motion for summary judgment does not usually present the Patent Office file wrapper and contents thereof or other evidence showing the progress of the patent in suit in the Patent Office and the basis for its issuance of the patent. Paragon-Revolute Corporation v. C. F. Pease Co., 7 Cir., 1957, 239 F.2d 746, 748.

■ (5) The public is a silent but an important party in interest in all patent litigation, and we think a patent should neither be invalidated nor sustained except after a trial and upon evidence and a full disclosure of all pertinent facts. Compare Hycon Manufacturing Co. v. H. Koch & Sons, 9 Cir., 1955, 219 F.2d 353.

■ This not to say that there could never be a patent case where lack of invention was so obvious and certain as to justify a summary judgment of invalidity. But in an infringement action such as the instant case, where invalidity for lack of invention is a defense and it cannot be said with certainty and as a matter of law that the patent on its face is invalid, there must be a trial on the merits, and only after all pertinent evidence is in and the trial court has made and filed its findings of fact and conclusions of law and entered a final judgment should this court be called upon to review that judgment.

■ It is apparent that the trial court misconceived the law relative to the patentability of a combination of old elements.

"A combination is a composition of elements, some of which may be old and others new, or all old or all new. It is, however, the combination that is the invention, and is as much a unit in contemplation of law

as a single or non-composite instrument."

Leeds & Catlin Co. v. Victor Talking Machine Co., 1909, 213 U.S. 325, 332, 29 S.Ct. 503, 505, 53 L.Ed. 816 (limited on other grounds by Mercoid Corporation v. Mid-Continent Investment Co., 1944, 320 U.S. 661, 64 S.Ct. 268, 88 L.Ed. 376).

In Diamond Rubber Co. of New York v. Consolidated Rubber Tire Co., 1911, 220 U.S. 428, 443, 31 S.Ct. 444, 451, 55 L.Ed. 527, the court said:

"* * * the elements of a combination may be all old. In making a combination the inventor has the whole field of mechanics to draw from."

The applicable rules of law for determining whether a combination of old elements, even if new and useful, rises to the dignity of patentable invention have been fully stated by the late Mr. Justice Jackson in Great Atlantic & Pacific Tea Co. v. Supermarket Equipment Corp., 1950, 340 U.S. 147, 151–153, 71 S.Ct. 127, 95 L.Ed. 162.

We do not here determine the validity of the Long patent. What we do determine is that it was error to hold on the record before the court and without trial that the patent was invalid. The parties here had a right to trial determination of the issues involved. The summary judgment precluded the court from having before it the benefit of all of the evidence. It may well be that upon trial the same conclusion may be reached, but on the record now before the court such judgment was too hasty.

Nothing which has been said by us is to be taken or understood as indicating any opinion on our part as to how the issues in this case should finally be decided. We merely hold that summary judgment was improvidently granted and that on the record before the court the statutory presumption of patent validity had not been overcome.

The judgment appealed from is reversed and the case is remanded for trial on the merits.