O’Neill, J.
The plaintiff urges three grounds for his position that the judgment of the Court of Appeals should be reversed.
The first ground is that a motion for summary judgment may not be entertained as to a ease that was pending prior to the effective date of the summary-judgment statute (Section *519 2311.041, Revised Code). The summary-judgment statute became effective on November 9, 1959. This cause was instituted on July 23, 1959.
The plaintiff, however, did not raise this issue in the trial court or in the Court of Appeals. In fact, the first time this issue was raised by the plaintiff was in his reply brief in support of his motion to certify the record in this cause.
The trial court and the Court of Appeals had jurisdiction of the subject matter of this action and the parties thereto, and under these circumstances this court will not consider or determine claimed errors which were not raised in either the trial court or in the Court of Appeals. (Paragraph three of the syllabus in the case of State, ex rel. Babcock, v. Perkins et al., Stark County Board of Elections, 165 Ohio St., 185, approved and followed.)
The second ground upon which this appeal is predicated is that, although the court allowed the motion for summary judgment upon the theory that the defendant’s agent was “outside the scope of his employment,” there is no evidence of any nature in the record on the question of the “scope of employment.” The record shows that neither the affidavit of the defendant nor the deposition of the plaintiff taken by the defendant touches in any way upon the question of the “scope of the employment” of the defendant’s driver.
The defendant contends that the petition of the plaintiff defines the scope of the driver’s employment to such an extent that, as a matter of law, he was outside the scope of his employment, and that on this ground the defendant is entitled to the allowance of the motion for summary judgment.
An analysis of the plaintiff’s petition does not support the defendant’s contention in this regard.
If the rationale of the defendant’s arguments were accepted, the burden of showing that the material facts are in dispute, that a genuine issue of fact exists, and that a summary judgment should not be entered would be placed upon the party against whom the motion for summary judgment was filed. The Ohio summary judgment statute was taken from Rule 56 of the Federal Rules of Civil Procedure. The federal courts have spoken on the question now under consideration and have *520 established the rule that, on motion for summary judgment, the burden of establishing that the material facts are not in dispute and that no genuine issue of facts exists is on the party moving for the summary judgment. Long v. Arkansas Foundry Co., 137 F. Supp., 835; Van Brode Milling Co., Inc., v. Kellogg Co., 132 F. Supp., 330; Rankin v. King, 272 F. (2d), 254; Riss & Co. v. Association of American Railroads, 190 F. Supp., 10; Driggers v. Business Men’s Assurance Co. of America, 219 F. (2d), 292; Dulansky v. lowa-Illinois Gas & Electric Co., 191 F. (2d), 881.
The third question to be determined is whether the Court of Appeals was correct in its finding that under the “loaned servant” doctrine the defendant was entitled to the allowance of his motion for a summary judgment.
Ordinarily, the “loaned servant” doctrine is asserted to make the employer to whom the employee has been “loaned” liable for such employee’s negligence. However, in this cause the Court of Appeals asserted the “loaned servant” doctrine to permit the employer-defendant loaning the employee to escape liability. The affidavit of the truck driver established the following facts which are not disputed by the plaintiff’s deposition:
“I arrived at McAlpin’s Department Store alley entrance, Ogden Place, at around 6:30 a. m. and waited while they unloaded part of the freight. They were informed by the boss to leave the large, long pieces of plywood on the side. He then told four or five men to jump up in the trailer and hold this freight and instructed me to go around to the front. * * * I drove the tractor-trailer, which was facing west, out of the alley, known as Ogden Place, onto Elm, south — then over to Third St., east — over Third to Vine and north on Vine to Fourth. When making the turn from Third to Vine, noticed commotion from the rear view mirror as I stopped for red light and someone hollered that a man had fallen out of the trailer. I stopped and called the police.”
On the basis of this record, the driver in this case was not a “loaned servant” as a matter of law. Even if it is assumed that he was driving the truck, at the time the plaintiff was injured, as an accommodation, he might still have been within *521 the scope of his employment and under the control of his employer. See 35 American Jurisprudence, 971, Section 541.
The pleadings and the record as it now stands before this court indicate that the questions raised by the motion for summary judgment are jury questions, and the Common Pleas Court should not have granted summary judgment. Therefore, the judgment of the Court of Appeals is reversed.

Judgment reversed.

Taft, C. J., Zimmerman, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.