**ILLINOIS LEGISLATIVE REDISTRICTING COMMISSION, George H. Ryan, as Illinois Secretary of State, David Reed, Al Jourdan, Frank Watson, Robert Churchill, Gene Hoffman and Dallas Ingemunson, Plaintiffs,**

v.

**Gary J. LaPAILLE, Chairman of the Illinois State Democratic Central Committee, on behalf of the Democratic Party of Illinois, Roland W. Burris, in his capacity as Illinois Attorney General, Joseph Gardner, Robert L. Lucas, Lovana Jones, Dan Barreiro, William Shepard, Jr., John Lee Johnson, Gwendolyn Scott, Laura Barth, Warren Dorris, Marvin French, Jayme Cain, Percy Conway, Joseph Belman, Luis Albarasin, Crotis Teague, Jr., Henry Landrau, Carolyn Toney, Fred Smith, Charlie Wilson, Jr., Bobby E. Thompson, Henry Martinez, Roberto Gonzalez, Anita Garcia, Maria A. Moralez, Marta Caldero, Consuelo Zemaitis, J. Richard Mota, Dave Duran, Teresa Fraga Orosco, Beverly Area Planning Association, William Gainer, Mt. Greenwood Civic Association, Curt Mentzer, Paula Derbak, Sharon Hanlon, Thomas C. Hynes, Jeremiah Joyce, James Keane, Thaddeus "Ted" Lechowicz, Robert J. Bugielski, the Polish American Congress Inc., Rebecca W. Owens, individually and as President of the Illinois Women's Political Caucus, Gay E. Bruhn, individually and as President of the Illinois National Organization for Wom-**en, Mary Finger, individually and as Chair of the Women Network, United Food and Commercial Worker Union, Marisa L. L'Heureux, individually and as President of the Chicago National Organization for Women, Carol Travis, individually and as President of Local 719, United Auto Workers Union, Wilfred G. Stewart, individually and as President of the American Association of University Women, Sara Tompson, individually and as President of the Champaign County National Organization for Women, Mary Mari Anna Murphy, individually and as President of the Twin Cities Business and Professional Women, Ava George, individually and as President of The Agenda, Sandra M. Scott, individually and as President of the Illinois Federation of Business and Professional Women's Clubs, Bruce Crosby, Miguel Del Valle, Jim McPike, Jerome Joyce, Eartharin Cousin, Tom Lyons, Individually and on Behalf of all Others Similarly Situated, Defendants.

No. 91 C 6318.

United States District Court,
N.D. Illinois, E.D.

Dec. 31, 1991.

See also 782 F.Supp. 1272.

**1268**

Steven Francis Molo, Dan K. Webb, Catherine W. Joyce, Thomas Vernon Skinner, Winston & Strawn, Chicago, Ill., James Robert Schirott, Schirott & Associates, P.C., Itasca, Ill., for Illinois Legislative Redistricting Com'n, Al Jourdan, Frank Watson, Robert Churchill, Gene Hoffman, Dallas Ingemunson.

Jeffrey D. Colman, Thomas Shane O'Neill, Jenner & Block, Chicago, Ill., for Illinois Legislative Redistricting Com'n, Al Jourdan, Frank Watson, Gary J. LaPaille, Bruce Crosby, Miguel Del Valle, Jim McPike, Jerome Joyce, Eartharin Cousin, Tom Lyons, Roland W. Burris, Joseph Gardner, Robert L. Lucas, Lovana Jones, Dan Barreiro, William Shepard, Jr., John Lee Johnson, Gwendolyn Scott, Laura Barth, Warren Dorris, Marvin French, Jayme Cain, Percy Conway, Joseph Belman, Luis Albarasin, Crotis Teague, Jr., Henry Landrau, Carolyn Toney, Fred Smith, Charlie Wilson, Jr., Bobby E. Thompson, Henry Martinez, Roberto Gonzalez, Anita Garcia, Maria A. Morales, Marta Caldero, Consuelo Zemaitis, J. Richard Mota, Dave Duran, Teresa Fraga Orosco, Beverly Area Planning Ass'n, William Gainer, Mt. Greenwood Civic Ass'n, Curt Mentzer, Paula Derbak, Sharon Hanlon,

Thomas C. Hynes, Jeremiah Joyce, James Keane, Thaddeus Lechowicz, Robert J. Bugielski, Polish American Congress, Inc., Rebecca W. Owens, Gay E. Bruhn, Mary Finger, Marisa L. L'Heureux, Carol Travis, Wilfred G. Stewart, Mary Ellen Smyth, Sara Tompson, Mary Mari Anna Murphy, Ava George, Sandra M. Scott.

Richard J. Prendergast, Richard J. Prendergast, Ltd., Chicago, Ill., for Gary J. LaPaille.

Matthew J. Piers, Jonathan A. Rothstein, Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., Chicago, Ill., for Miguel Del Valle.

Joseph E. Tighe, Richard J. Prendergast, Ltd., Chicago, Ill., for Jim McPike, Jerome Joyce, Eartharin Cousin, Tom Lyons.

James R. Carroll, Roger Philip Flahaven, Illinois Atty. General's Office, Chicago, Ill., for Roland W. Burris.

Robert L. Tucker, Tucker, Watson, Butler & Todd, Joseph E. Tighe, Richard J. Prendergast, Ltd., William J. Harte, Stephen L. Garcia, Courtney Carlton Nottage, William J. Harte, Ltd., Chicago, Ill., for Joseph Gardner, Lovana Jones, Dan Barreiro, William Shepard, Jr., John Lee Johnson, Gwendolyn Scott, Laura Barth, Warren Dorris, Marvin French, Jayme Cain, Percy Conway, Joseph Belman, Luis Albarasin, Crotis Teague, Jr., Henry Landrau, Carolyn Toney, Fred Smith, Charlie Wilson, Jr., Bobby E. Thompson.

## ORDER

NORGLE, District Judge.

Before the court are the defendants' motion to dismiss plaintiffs' first amended complaint and the plaintiffs' motions to join necessary parties, for leave to file a third amended complaint,[1] and for a temporary restraining order and preliminary injunction on the third amended complaint. For the following reasons, the plaintiffs' motion to file a third amended complaint is granted, rendering the remaining motions moot with the exception of the plaintiffs' motion for a temporary restraining order and pre-

---

1. The motion to file a third amended complaint renders the plaintiffs' pending motion to file a second amended complaint moot.

liminary injunction, on which the court reserves its ruling.

## FACTS

The original plaintiffs—the Illinois Legislative Redistricting Commission ("Redistricting Commission") and its five Republican members, Al Jourdan, Frank Watson, Robert Churchill, Gene Hoffman and Dallas Ingemunson—brought this declaratory judgment action under 28 U.S.C. § 2201. The action sought a declaration that the redistricting plan for the Illinois General Assembly, approved by the Redistricting Commission on a 5–4 vote along party lines, complied with various provisions of the United States Constitution, the Voting Rights Act (42 U.S.C. § 1973 et seq.), and Article IV, § 3 of the 1970 Illinois Constitution, and was therefore valid.[2]

The original defendants are the four Democratic members of the Redistricting Commission, Jim McPike, Jerome Joyce, Eartharin Cousin and Tom Lyons; the Illinois State Democratic Central Committee chairman, Gary LaPaille; an African–American registered voter, Bruce Crosby; and a state senator of Hispanic origin, Miguel Del Valle. Each defendant allegedly expressed public opposition to the redistricting plan before it was formally approved.

The Redistricting Commission was constituted pursuant to Art. IV, § 3(b) of the Illinois Constitution because following the federal ten-year census, the General Assembly failed to adopt a redistricting plan by June 30, 1991. The Redistricting Commission, metaphorically, a decennial Brigadoon, initially had only eight members, but after it was unable to approve a plan by August 10, 1991, a ninth member, Al Jourdan, was added by random selection. *See* Ill.Const. of 1970, art. IV, § 3(b), which sets forth procedures for selecting commission members. On October 4, 1991, the Redistricting Commission approved a redistricting plan and then passed a resolution authorizing this lawsuit, which was filed that day.

A motion to dismiss the action was filed on October 25, 1991 by LaPaille, joined by McPike, Joyce, Cousin and Lyons. Del Valle filed a separate motion to dismiss the same day. Both dismissal motions argue that the Redistricting Commission and its members lack standing, among other arguments.

While the dismissal motions were pending, the plaintiffs filed a series of motions. First, on November 7, 1991, the plaintiffs moved for joinder of Illinois Secretary of State George H. Ryan and the Illinois State Board of Elections as defendants with immediate realignment as plaintiffs pursuant to Federal Rules of Civil Procedure 19 and 15. The plaintiffs also moved that day for leave to file a second amended complaint adding scores of additional defendants. Then on December 18, 1991, the plaintiffs moved for leave to file a third amended complaint adding David Reed, an Illinois voter of "African–American heritage," as a plaintiff and seeking emergency declaratory and injunctive relief. Also on December 18, the plaintiffs moved for a temporary restraining order and preliminary injunction, urging this court to exercise exclusive jurisdiction over the redistricting process and to enjoin the defendants from participating in ongoing proceedings before the Redistricting Commission.

The plaintiffs' December 18 motions were spurred by an Illinois Supreme Court ruling the previous Friday remanding the redistricting plan to the Redistricting Commission for hearings and consideration of alternative plans. *People ex. rel. Burris v. Ryan,* 147 Ill.2d 270, 167 Ill.Dec. 893, 588 N.E.2d 1023 (1991). The Illinois court also ordered the Redistricting Commission to

---

**2.** The Illinois Attorney General brought an action challenging the redistricting plan on October 11, 1991 in the Illinois Supreme Court. *People ex rel. Burris v. Ryan,* No. 72662. One of the two defendants, Illinois Secretary of State George H. Ryan, removed that case to federal court on October 25, 1991. The case was subsequently remanded to state court by U.S. District Judge Ann Claire Williams because the second defendant, the Illinois State Board of Elections, had not joined in Ryan's removal petition. *Ryan v. People,* No. 91 C 6832, 1991 WL 247752 (N.D.Ill. Nov. 4, 1991).

adopt a plan and warned that if the commission failed to do so by January 6, 1992, that court's "only alternative" would be to order an at-large election for the Illinois Senate and House of Representatives. *Id.,* 167 Ill.Dec. at 900–901, 588 N.E.2d at 1030–1031.

Various defendants or prospective defendants have filed responses opposing each of the plaintiffs' motions. Among those opposing the plaintiffs' motion for leave to file a third amended complaint are the original defendants and Illinois Attorney General Roland W. Burris, whom the plaintiffs seek to add as a defendant.[3]

## DISCUSSION

Federal Rule of Civil Procedure 15(a) provides that once responsive pleadings have been filed in a case, such as the defendants' motions to dismiss were here, a party may only amend its pleadings with leave of court, but that such leave "shall be freely given when justice so requires." Whether to grant leave to amend pleadings "is a matter purely within the sound discretion of the district court." *J.D. Marshall Int'l, Inc. v. Redstart, Inc.,* 935 F.2d 815, 819 (7th Cir.1991) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). Denial of such leave is proper when the amendment is sought for purposes of delay, harassment or other improper motive, when the amendment would not cure previously found deficiencies, or when the amendment would be futile. *Id.*

The court has not passed upon the sufficiency of any of the plaintiffs' prior complaints filed in this case. Therefore, for purposes of deciding whether plaintiffs should be allowed to file their third amended complaint, the court liberally reviews that complaint to determine whether it states a viable claim, without prejudging any potential motions to dismiss which the defendants might file.

The proffered third amended complaint contains three counts: Count I seeks declaratory and injunctive relief regarding alleged violations of the Voting Rights Act of 1965, as amended in 1982, 42 U.S.C. § 1971 *et seq.;* Count II seeks declaratory and injunctive relief regarding alleged 14th Amendment due process violations; and Count III seeks a declaration that the Redistricting Commission's October 4 redistricting plan is valid.

The defendants contend, among other points, that the third amended complaint does not cure the plaintiffs' lack of standing to pursue this litigation.

Federal judicial power is limited under Article III of the Constitution to adjudication of "cases and controversies." *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). That limitation includes a requirement that the plaintiff have standing to bring the action, which in turn requires that the plaintiff "personally has suffered some actual or threatened injury." *Id.* at 471–72, 102 S.Ct. at 758 (quoting *Gladstone, Realtors v. Village of Bellwood,* 441 U.S. 91, 99, 99 S.Ct. 1601, 1608, 60 L.Ed.2d 66 (1979)).

Analysis of a party's standing is "gauged by the specific common-law, statutory or constitutional claims that a party presents.... [with] 'careful judicial examination ... to ascertain whether the particular plaintiff is entitled to an adjudication *of the particular claims asserted.'" International Primate Protection League v. Administrators of Tulane Educ. Fund,* —— U.S. ——, 111 S.Ct. 1700, 1704, 114 L.Ed.2d 134 (1991) (emphasis in original) (quoting *Allen v. Wright,* 468 U.S. 737, 752, 104 S.Ct. 3315, 3325, 82 L.Ed.2d 556 (1984)). The standing requirement is applicable to declaratory judgment actions under 28 U.S.C. § 2201, with an emphasis on the required immediacy of the threatened injury. *Harris Trust and Savings Bank*

---

**3.** Another entity opposing the plaintiffs' effort to file a third amended complaint is the Task Force for Black Political Empowerment, an intervenor in the case before the Illinois Supreme Court. Plaintiffs seek to join most of the state court intervenors in this case, but do not seek joinder of the Task Force.

*v. E–II Holdings, Inc.*, 926 F.2d 636, 640 n. 14 (7th Cir.1991). Standing under the Voting Rights Act for private litigants—those other than the United States Attorney General—is limited to "aggrieved persons" seeking to enforce their voting rights. 42 U.S.C. § 1973a; *Roberts v. Wamser*, 883 F.2d 617, 621 (8th Cir.1989).

■ The Redistricting Commission and its Republican majority are not suing as voters and therefore lack standing under the Voting Rights Act. Illinois Secretary of State Ryan and the Illinois State Board of Elections lack standing under the Act for the same reason.[4] There is a more general problem with these present and prospective plaintiffs; the complaint does not identify any potential injuries to federal rights of any sort which they might suffer and no such injuries are apparent. No potential injury to the Redistricting Commission, Ryan or the State Board of Elections has been alleged if the Commission's redistricting plan is not promptly declared valid or the ongoing proceedings ordered by the Illinois Supreme Court are allowed to continue.

It is not clear that the Redistricting Commission is a necessary party if this federal litigation is allowed to proceed. The redistricting plan can be redrawn, to the extent necessary, by a court or by parties to a proper challenge to the plan. *See, e.g., Hastert v. State Board of Elections*, 777 F.Supp. 634 (N.D.Ill.1991) (court adopted modifications drawn by parties); *Ketchum v. City Council*, 630 F.Supp. 551 (N.D.Ill. 1985) (same); *Rybicki v. State Board of Elections*, 574 F.Supp. 1082 (N.D.Ill.1982) (same); *Schrage v. State Board of Elections*, 88 Ill.2d 87, 58 Ill.Dec. 451, 430 N.E.2d 483 (1981) (court modified two state legislative districts and directed the Board of Elections to implement the changes); *but see People ex rel. Burris v. Ryan*, 167

Ill.Dec. at 899, 900, 588 N.E.2d at 1029, 1030 (1991) (remanding with directions the presumptively valid redistricting plan to the Redistricting Commission).[5]

■ Indeed, the litigation could not proceed if the only plaintiffs were the Redistricting Commission, Ryan, and the State Board of Elections. The third amended complaint, however, would add Reed, a voter and American citizen of African heritage, as a plaintiff. That complaint alleges that Reed, and a "Jefferson" mentioned in paragraph 51(a) without further identification, as well as other voters similarly situated will suffer a host of injuries to their voting rights. The court recognizes the liberal notice pleading of Fed.R.Civ.P. 8(a) and is keenly and vigilantly "aware of the singular importance of the right to vote in a republic...." *Ketchum*, 630 F.Supp. at 568. On the present record, it is not clear beyond doubt that Reed will be unable to state a federal claim with regard to the redistricting plan or process.

Furthermore, on a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir.1991). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266, 1269 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule

---

4. The Secretary of State's role in the redistricting process is apparently limited to publication of the redistricting plan. Ill.Const. of 1970, art. IV, § 3(b). General supervision of elections is the role of the State Board of Elections. Ill. Const. of 1970, art. III, § 5.

5. By delaying the Commission's decennial hibernation, following what the Commission may have viewed as a task completed, the Illinois Court is construing and defining the duties of that entity created by the Illinois Constitution. That we have found the Commission's role currently in this case as useful, nominal or mechanical is preliminary.

12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Perkins,* 939 F.2d at 466. The court finds, therefore, that the interests of justice will be served by granting the plaintiffs leave to file their third amended complaint, and such leave is granted.

Additionally, from an historical perspective, the numerosity and diversity of the more than fifty named defendants suggest that David Reed will not long stand virtually alone as the primary plaintiff. Intervention and realignment are not strangers to redistricting litigation once afoot before a court carrying out its traditional adjudicative role.

The Redistricting Commission, Ryan and the State Board of Elections will be treated as nominal parties to the litigation. While they appear to have no legally cognizable rights in this action, their presence may serve a useful, if not mechanical, role in the eventual disposition of the matter. Their roles, however, like that of other potential parties, may be the subject of future motions for realignment or dismissal. Pursuant to Fed.R.Civ.P. 21, parties may be dropped or added by order of the court on motion of any party or on its own initiative at any stage of the action and on such terms as are just.

The plaintiffs' requests for injunctive relief, contained in the third amended complaint and a separate motion, are taken under advisement pending further development of the record.

## CONCLUSION

For the above reasons, the motion to file a third amended complaint is granted, rendering the other pending motions moot with the exception of the motion for a temporary restraining order and a preliminary injunction, upon which the court reserves its ruling.

IT IS SO ORDERED.