**ILLINOIS LEGISLATIVE REDIS- TRICTING COMMISSION, et al., Plaintiffs,**

v.

**Gary J. LaPAILLE, et al., Defendants.**

**Joseph GARDNER, Lovana Jones, Dan Barreiro, William Shephard, Jr., John Lee Johnson, Gwendolyn Scott, Laura Barth, Warren Dorris, Marvin French, Jayme Cain, Percy Conway, Joseph Belman, Luis Albarasin, Crotis Teague, Jr., Henry Landrau, Carolyn Toney, Fred Smith, Charlie Wilson, Jr., and Bobby E. Thompson, on their own behalf and on behalf of all others similarly situated, Counter–Plaintiffs,**

v.

**ILLINOIS LEGISLATIVE REDISTRICT- ING COMMISSION, Al Jourdan, Frank Watson, Robert Churchill, Gene Hoffman, Dallas Ingemunson, George H. Ryan, sued in his official capacity as Illinois Secretary of State, and Illinois Board of Elections, Counter–Defendants.**

No. 91 C 6318.

United States District Court, N.D. Illinois, E.D.

June 11, 1992.

Steven Francis Molo, Dan K. Webb, Catherine W. Joyce, Thomas Vernon Skinner, Winston & Strawn, Chicago, Ill., James Robert Schirott, Schirott & Associates, P.C., Itasca, Ill., for plaintiffs Ill. Legislative Redistricting Com'n, Al Jourdan, Frank Watson, Robert Churchill, Gene Hoffman and Dallas Ingemunson.

Richard J. Prendergast, Richard J. Prendergast, Ltd., Chicago, Ill., for defendant Gary J. LaPaille.

Jeffrey D. Colman, Thomas Shane O'Neill, Chicago, Ill.

Matthew J. Piers, Jonathan A. Rothstein, Gessler, Flynn, Fleischmann, Hughes & Socol, Ltd., Chicago, Ill., for defendant Miguel Del Valle.

Joseph E. Tighe, Richard J. Prendergast, Ltd., Chicago, Ill., for defendants Jim McPike, Jerome Joyce, Eartharin Cousin and Tom Lyons.

James R. Carroll, Roger Philip Flahaven, Illinois Atty. Gen. Office, Chicago, Ill., for defendant Roland W. Burris, Ill. Atty. Gen.

Robert L. Tucker, Tucker, Watson, Butler & Todd, Joseph E. Tighe, Richard J. Pendergast, Ltd., William J. Harte, Stephen L. Garcia, Courtney Carlton Nottage, William J. Harte, Ltd., Chicago, Ill., for defendants and counter-claimants Joseph Gardner, Lovana Jones, Dan Barreiro, William Shepard, Jr., John Lee Johnson, Gwendolyn Scott, Laura Barth, Warren Dorris, Marvin French, Jayme Cain, Percy Conway, Joseph Belman, Luis Albarasin, Crotis Teague, Jr., Henry Landrau, Carolyn Toney, Fred Smith, Charlie Wilson, Jr., and Bobby E. Thompson.

Arturo Jauregui, Ricardo Meza, Mexican American Legal Defense & Educational Fund, Chicago, Ill., for third-party plaintiffs Mervin A. Mendez, Matias Rico and Hermelinda Ortega.

James D. Montgomery, James D. Montgomery & Associates, Ltd., Chicago, Ill., for intervenors defendants The Task Force for Black Political Empowerment, Howard Brookins, Sen., Earlean Collins, Sen., Alice Palmer, Sen., Association for Political and Economic Influence, Timuel Black, and Robert Starks, Task Force Intervenors.

Before KANNE, Circuit Judge, NORGLE, District Judge, and ZAGEL, District Judge.

## ORDER

NORGLE, District Judge.

Before the court are post-trial motions by two groups: a motion for a new trial by a group of defendant/counter-plaintiffs known as the Gardner parties, and a motion to alter or amend the judgment, or alternatively for a new trial, by a group of defendants who have joined together as the Task Force for Black Political Empowerment ("Task Force"). For reasons that follow, the motions are denied.

This litigation involves challenges to a decennial redistricting plan for the Illinois General Assembly approved by the Illinois Legislative Redistricting Commission on January 6, 1992 and upheld by the Illinois Supreme Court on January 10, 1992. *People ex rel. Burris v. Ryan,* 147 Ill.2d 270, 167 Ill.Dec. 903, 588 N.E.2d 1033 (1992) (January 14 opinion explaining January 10 ruling). This court conducted a trial on February 4 through 7, and 11, 1992 and subsequently issued an opinion declaring

the redistricting plan valid and rejecting various defendant/counter-plaintiffs' challenges to that plan. *Illinois Legis. Redist. Comm'n v. LaPaille,* 786 F.Supp. 704 (N.D.Ill.1992).[1]

The Illinois primary election was held on March 17, 1992, six days after this court declared the redistricting plan valid. The instant motions by the Gardner parties and the Task Force, both filed on April 3, 1992, seek a new trial at which the results of the March 17 primary election could be considered by the court. The Gardner motion was brought under Federal Rule of Civil Procedure 59. The Task Force motion, however, does not mention Rule 59 or any other rule. Nonetheless, the court will construe the Task Force motion under Rule 59.

"Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir.1986). To qualify as "newly discovered evidence" under Rule 59, the evidence "must have been in existence at the time of trial...." *Peacock v. Board of Sch. Comm'rs,* 721 F.2d 210, 214 (7th Cir.1983). Moreover, "[t]he evidence must be material, admissible, credible, not merely cumulative or impeaching, and likely to change the outcome upon retrial." *Id.* at 213–14. Finally, whether to grant or deny a motion for a new trial is discretionary. *EEOC v. Century Broadcasting Corp.,* 957 F.2d 1446, 1460 (7th Cir.1992).

The election results which form the basis for the Gardner parties' and the Task Force's motions were not in existence at the time of trial. The Gardner parties argue, however, that such evidence may warrant a new trial motion if the new evidence makes a "prima facie showing that a different result should have been reached initially...." *Unarco Indus., Inc. v. Evans Prods. Co.,* 403 F.2d 638, 639 (7th Cir.1968); *see also Peacock,* 721 F.2d at 214 ("[m]ate-

rial not in existence until after trial falls within 60(b)(2) only if it pertains to facts in existence at time of trial"; same requirements under Rules 59 and 60(b)(2)).

The new evidence proffered by the Gardner parties and the Task Force, however, does not sufficiently cast doubt upon the trial result so as to warrant a new trial. The Gardner parties and the Task Force argue that the primary election's results prove their arguments at trial that several Illinois Senate and House districts on the South Side of Chicago with African–American super-majorities of 65% or more were inadequate to provide a meaningful opportunity for African–American voters to elect candidates of their choice. The Gardner parties specifically cite three House districts (Nos. 23, 24 and 28) and one Senate district (No. 12) in which white candidates prevailed over African–American candidates in the Democratic primary. The Task Force similarly cites those districts as well as House districts 29 and 32. Each district which the Gardner parties and the Task Force cite featured a single white candidate running against multiple African–American candidates.

The cited primary results establish, at most, that African–Americans' chosen candidates were not guaranteed election. That is clearly insufficient under both the Voting Rights Act, 42 U.S.C. § 1973(b)— "nothing in this section establishes a right to have members of a protected class elected in numbers equal to their proportion in the population"—and the 14th Amendment equal protection clause. *City of Mobile v. Bolden,* 446 U.S. 55, 75–77, 100 S.Ct. 1490, 1504–05, 64 L.Ed.2d 47 (1980) (right to equal participation does not protect any particular group from electoral defeat). The primary results do not show that African–Americans in the cited districts were denied a meaningful opportunity to elect their chosen candidates.[2]

---

1. For additional background information, see this court's other prior rulings allowing plaintiffs to file a third amended complaint, 782 F.Supp. 1267 (1991), and dismissing Counts II and III of the Gardner parties' counter-complaint. 782 F.Supp. 1272 (1992).

2. The Gardner parties' and Task Force's reliance on results from districts with multiple African–American candidacies arguably undermines their arguments in view of the three *Gingles* preconditions for a Voting Rights Act claim, the second of which requires that the minority

Accordingly, the Gardner parties and the Task Force have failed to show that a new trial, or any alteration of the judgment previously entered, is warranted.

### CONCLUSION

The Gardner parties' motion for a new trial and the Task Force's motion to alter or amend the judgment or alternatively for a new trial are denied.

IT IS SO ORDERED.

group at issue be politically cohesive. *Thornburg v. Gingles,* 478 U.S. 30, 50–51, 106 S.Ct.

2752, 2766–67, 92 L.Ed.2d 25 (1986).